### STATE *v.* WRIGHT.

Opinion delivered October 31, 1910.

1. CRIMINAL LAW—FORMER CONVICTION.—A plea of former conviction of gaming to an indictment for gaming on a particular day is not sustained by proof that defendants were charged in the police court with gaming on or about such date, and that they pleaded guilty to such charge. (Page 205.)

2. SAME—PLEA OF GUILTY—SENTENCE AT SUBSEQUENT TERM.—Where a plea of guilty is entered, sentence may be pronounced at a subsequent term. (Page 205.)

Appeal from Washington Circuit Court; *Daniel Hon,* Judge on exchange of circuits; reversed.

STATEMENT BY THE COURT.

On the 5th day of November, 1909, the grand jury of Washington County returned an indictment against each of the appellees, charging him with the offense of gaming on the 17th day of October, 1909, and by consent the cases were consolidated and tried together before the circuit court sitting without a jury.

Appellees entered a plea of former conviction, which was sustained by the court, and the State has appealed.

The cases were tried in the circuit court at its May term, 1910. Two of the appellees were introduced as witnesses by the State, and testified that all the appellees had committed the crime of gaming in the city of Fayetteville, in Washington County, on

divers and sundry days during the four or five months preceding the 17th day of October, 1909.

The appellees, to sustain their plea of former conviction, introduced witnesses to prove the following state of facts:

On the 17th day of October, 1909, the chief of police saw the appellees gaming in the city of Fayetteville, and reported them to the city attorney. On the 25th day of October, 1909, the city attorney filed an affidavit in the police court of said city, charging each of appellees with the offense of gaming on or about the 17th day of October, 1909. A warrant of arrest was issued and served upon appellees on the same day. The appellees appeared in the police court on the same day, and entered their pleas of guilty, but, the city attorney being absent on account of attendance in the circuit court, judgment was not pronounced; and the court announced that the cases would be continued from day to day until the city attorney could be present. On the 11th day of November the city attorney and the appellees appeared in the police court. The pleas of guilty of appellees were not withdrawn, but two of the appellees were sworn and examined as witnesses. They testified that all of the appellees had committed the offense of gaming on the 17th day of October, 1909. They also testified that all of the appellees had been guilty of gaming on divers and sundry occasions within the four or five months preceding that time. They gave the dates and place where this occurred. The police court did not require the city attorney to make an election, and said that it was his custom in cases of this kind to examine witnesses and find out about the nature and extent of the crime committed. He said that, while he knew that indictments had been returned against appellees charging them with gaming, he did not try to bar indictments in the circuit court.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellant.

By their plea in the mayor's court, the defendants only confessed themselves to be guilty of the crime of gaming on the *17th day of October,* 1909. 12 Ark. 169. To render the plea of former conviction availing, the court must not only have jurisdiction, but the proceedings must be regular. 32 Ark. 726; 56 Ark. 367; 70 Ark. 74; 48 Ark. 34. See also 42 Ark. 35; 43

Ark. 70; *Id.* 372; 94 Ark. 211. The proceedings in the mayor's court, the form of trial there gone through, notwithstanding the plea of guilty previously entered, were but a mere evasion, not in good faith, but intended to bar indictments pending in the circuit court.

*Walker & Walker,* for appellees.

The police court acquired jurisdiction prior to the finding of the indictment, and, the charge being gaming on or about the 17th day of October, 1909, and the proof showing all the games played by the defendants within one year next preceding, and no election having been made, the conviction in the police court was a bar to the indictments, and the plea was properly sustained. 65 Ark. 38; 72 Ark. 419.

HART, J., (after stating the facts). To sustain the finding of the court below in their favor on their plea of former conviction, appellees rely upon the cases of *Bryant* v. *State,* 72 Ark. 419, and *Deshazo* v. *State,* 65 Ark. 38. But we do not think the rule announced in those cases is applicable to the state of facts presented in this record. There no plea of guilty had been entered, and the State to secure a conviction elected to introduce evidence generally as to all illegal sales of liquor made by the defendants within one year of the finding of the indictment. There was nothing to show what particular sales were relied upon to obtain a conviction. The court held that this state of the record brought the cases within the rule announced in *State* v. *Blahut,* 48 Ark. 34, that "it is the established rule that the former conviction is a bar to a subsequent indictment for any offense of which the defendant might have been convicted upon the testimony under the indictment in the first case."

The record in this case presents an essentially different state of facts. The appellees were charged before the police court with the offense of gaming on or about October 17, 1909. They entered their plea of guilty to the charge. It was not necessary to introduce evidence to secure their conviction, and no circumstances could mitigate or aggravate the offense.

After a plea of guilty is entered, no finding is necessary, and the judgment follows the plea. This necessarily follows from the decisions in the cases of *Thurman* v. *State,* 54 Ark. 120, and *Green* v. *State,* 88 Ark. 290, where it is held that sentence may

be pronounced upon a plea of guilty at a term of the court subsequent to that at which the plea was entered. The reason for this is that a plea of guilty is equivalent to a conviction, and the court must pronounce judgment and sentence as upon a verdict. See Clark's Criminal Procedure, par. 129.

The court erred in sustaining appellee's plea of former conviction; and the judgment must be reversed, and the cause remanded for a new trial.