STOKES *v*. STATE.

Opinion delivered January 17, 1916.

CRIMINAL PROCEDURE—PLEA OF GUILTY IN JUSTICE COURT—RIGHT OF AC-
   CUSED TO APPEAL.—Where a defendant plead guilty to the charge
   in an information filed in a justice court, he can not appeal to the
   circuit court, and in the latter court, change his plea to that of
   not guilty, and seek a jury trial there.

Appeal from Washington Circuit Court; *J. S. Maples*, Judge; reversed.

*E. L. Matlock*, for appellant.

The offense is barred by limitation. The plea of guilty was entered without advice of counsel, and without knowledge whether he was guilty or not of a crime. An appeal is a matter of right. Acts 1905, Act No. 151, § 1. The action in praying an appeal was a withdrawal of his plea of guilty. It was within the discretion of the court to permit the withdrawal of the plea of guilty and be tried upon a plea of not guilty. 114 Ark. 234.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee.

1. Wife abandonment is a continuing offense—a crime and the wife is a competent witness. Kirby's Digest, § 3092; 78 S. W. 640.

2. The offense is not barred. Kirby's Digest, § 2107; 42 Ark. 110; 108 Ark. 76; 65 N. E. 1.

HART, J. The deputy prosecuting attorney of Washington County, Arkansas, filed an information before a justice of the peace of said county, charging the defendant, Harry G. Stokes, with the statutory crime of abandoning his wife and child. See Acts 1909, page 134.

The defendant entered a plea of guilty, and his punishment was fixed by the justice of the peace at a fine of $75 and imprisonment for sixty days in the county jail.

Within the time allowed by statute he prayed and was granted an appeal to the circuit court of Washington County. When his case came on for trial in the circuit court he was permitted to withdraw his plea of guilty

and to enter a plea of not guilty. He was tried and convicted in the circuit court and the jury fixed his punishment at a fine of $350 and one years' imprisonment in the county jail.

From the judgment of conviction the defendant prosecutes this appeal.

The circuit court should have dismissed the appeal of the defendant. The defendant entered his plea of guilty before the justice of the peace. In doing so he confessed himself guilty in the manner and form as charged against him in the information.

Where the facts alleged in an information or indictment do not constitute an offense, the defendant has lost nothing by pleading guilty, and on appeal may attack the indictment or information for the first time. *Fletcher* v. *State,* 12 Ark. 169.

In the instant case we have not set out the information. It was filed under Act 52 of the Acts of 1909 and charged the defendant with the crime of wife abandonment. It was substantially in the language of the act and no objection has been made or could be made as to its form.

The defendant pleaded guilty when he was arraigned before the justice of the peace and sentence was there pronounced against him. His plea of guilty as received by the court and recorded was an admission of any offense well charged in the information. Unless it was withdrawn by leave of the court there would be nothing left to be done but for the court to pass sentence upon him. The reason is that a plea of guilty is a formal confession of guilt before the court in which the defendant is arraigned, and the court can then only pass sentence as upon a verdict. *State* v. *Wright,* 96 Ark. 203; Clark's Criminal Procedure, pp. 373, 374.

In the case of *Commonwealth* v. *Mahoney,* 115 Mass. 151, the court held that a plaintiff who pleads guilty to a complaint in the municipal court and appeals to the superior court is not entitled to a trial by jury and that unless the plea is withdrawn by special leave of the court

in which it is made, or a motion is interposed in arrest of judgment for legal defects apparent on the record, the commonwealth is entitled to have sentence passed. See, also, *Commonwealth* v. *Winton,* 108 Mass. 485, and 12 Cyc. 801.

It follows that the circuit court erred in not dismissing the appeal of the defendant and for that error the judgment will be reversed and the appeal of the defendant from the justice of the peace court to the circuit court will be dismissed.

It is so ordered.