BAKER, J.
This is a mandamus proceeding to compel the district judge to grant the defendant an appeal from a sentence imposed in a criminal prosecution.
The indictment was for the crime of bigamy, as denounced by section 800 of the Revised Statutes; the penalty having been increased by Act 93 of 1898, p. 116. Defendant filed a motion to quash the indictment, contending that Act 93 of 1898 was unconstitutional because it did not contain a reference to section 800 of the Revised Statutes, and did not define the crime of bigamy; and contending that, as section 800 was repealed by the statute of 189S, there remained no statute authorizing a prosecution for bigamy. The motion to quash was overruled. Defendant reserved a bill of exceptions to the ruling, pleaded guilty, and then filed a motion in arrest of judgment, again pleading that the statute of 1898 was unconstitutional and that there was therefore no authority in law for imposing a sentence or penalty for bigamy( The judge overruled the motion in arrest of judgment and sentenced, defendant to imprisonment in the penitentiary. Defendant’s attorney then moved for an order of appeal, which was denied, on the ground that defendant had, by pleading guilty, waived his right to appeal.
The general rule that a plea of guilty is a waiver of the right to appeal is founded upon a presumption of acquiescence, which has no application when the defendant, while confessing his guilt of -the act or conduct charged in the indictment, insists that fee law does not prohibit it.
In State v. Watson, 41 La. Ann. 598, 7 South. 125, the defendant was indicted for feloniously inflicting a wound less than mayhem. He pleaded guilty and then filed a motion in arrest of judgment, contending that the indictment did not charge any offense denounced by the law of this state, because it was not charged that the offense was committed willfully or maliciously. The motion in arrest was sustained, and the state appealed, contending that fee plea of guilty had cured any and all defects in the indictment. But this court rejected the argument, and, affirming the judgment of the district court, said that, by his plea of guilty, the defendant had merely confessed his guilt in the manner and form charged in the indictment, and that, as the indictment did not charge an offense against the law, none was confessed. In support of the ruling, the court cited Wharton, vol. 1, p. 532. See, also, Arbintrode v. State, 67 Ind. 267, 33 Am. Rep. 86; Smith v. State, 68 Neb. 204, 94 N. W. 106; 17 C. J. 33, § 3295, citing Stokes v. State, 122 Ark. 56, 182 S. W. 521; Galeo v. State, 107 Me. 474, 78 Atl. 867; Smith v. State, 33 Me. 48, 52 Am. Dec. 607; Gage v. State, 24 Ohio Cir. Ct. R. 724; Hogue v. State, 23 Ohio Cir. Ct. R. 567; and State v. Emsweller, 78 W. Va. 214, 88 S. E. 787. The doctrine is stated in 8 R. C. L. 116, § 85, citing Grossman v. Oakland, 30 Cr. 478, 41 Pac. 5, 36 L. R. A. 593, 60 Am. St. Rep. 832, thus:
“A plea of guilty .admits only the acts charged and does not preclude the defendant from claiming that they do not constitute a crime.”
We do not express an opinion on the question of constitutionality of the Act 93 of 1898. That question will be presented when the case comes up on appeal.
The alternative writ of mandamus, and the rule to show cause why it should not be made peremptory, are now made absolute and peremptory, and, accordingly, the district judge is directed to grant an appeal from the sentence imposed in this case.