[Civil No. 3661.   Filed July 8, 1935.]

[46 Pac. (2d) 1084.]

GLENN BURRIS, Appellant, v. WILLIAM W. DAVIS, Justice of the Peace of Scottsdale Precinct, Maricopa County, Arizona, Appellee.

Mr. L. C. McNabb, for Appellant.

Mr. John L. Sullivan, Attorney General, Mr. Harry Johnson, County Attorney for Maricopa County, and Mr. Mark B. Wilmer, Deputy County Attorney, for Appellee.

LOCKWOOD, C. J.—This is an appeal from a judgment of the superior court of Maricopa county denying a petition for a writ of *mandamus*. The facts are nowise in dispute and may be stated as follows:

About the 10th day of June, 1935, one Glenn Burris, hereinafter called appellant, was arrested on the charge of driving an automobile on a public highway while under the influence of intoxicating liquor. He

entered a plea of guilty to said charge in the justice court of the Scottsdale justice precinct of Maricopa county, and having waived the statutory time for imposition of sentence was thereupon sentenced to serve ninety days in the county jail of Maricopa county, and was duly committed to said jail. Thereafter he tendered to William W. Davis, the justice of the peace of said justice precinct, hereinafter called appellee, a written notice of appeal and the sum of $300 in cash as a bond on such appeal, but appellee refused to accept the notice of appeal and file it, or to accept the bond or to release the appellant from custody, on the ground that by his plea of guilty he had waived any right of appeal and estopped himself from taking one.

It is agreed between counsel that the only question presented for determination by this court is one of law, to wit, whether when a defendant after being advised of his legal rights voluntarily enters a plea of guilty to a criminal charge before a justice of the peace, of which the said justice of the peace has jurisdiction to try and determine, can the defendant thereafter file a notice of appeal and bond and take an appeal to the superior court from the judgment and sentence rendered upon such plea of guilty?

The question has never been determined by this court and is of some importance. It is the position of appellant that the right of appeal, notwithstanding his plea of guilty, is guaranteed to him by section 24, Article 2, of the Constitution of Arizona, which reads, so far as material, as follows: "Section 24. In criminal prosecutions, the accused shall have . . . the right to appeal in all cases, . . . " and sections 5153, 5154 and 5156, Revised Code 1928, which read as follows:

"§ 5153. *Right given; time limit; effected by notice.* The defendant in any criminal action may ap-

peal to the superior court from the final judgment of a justice, police, or recorder's court. Such appeal must be taken within five days after the judgment is rendered, and is taken by filing a notice with the justice of the peace, police magistrate or recorder, stating that the defendant appeals from the judgment to the superior court of the county.

"§ 5154. *Bond on appeal.* The execution of the judgment shall not be stayed unless the defendant shall execute a bond with sureties, to be filed with and approved and in a sum to be fixed by the officer who rendered the judgment, not exceeding three hundred dollars. The condition of such bond shall be that the defendant shall prosecute his appeal with effect, and that he will pay any fine and surrender himself in execution of any imprisonment that may be imposed by the superior court on such appeal."

"§ 5156. *Trial de novo; judgment on appeal.* Every such appeal shall be tried *de novo* in the superior court, and the superior court shall, upon conviction, impose such sentence as it may deem proper, within the limits which might have been imposed by the justice of the peace, police magistrate or recorder, and upon acquittal, shall discharge the defendant and exonerate his bail."

It is the ordinary rule, in the absence of special constitutional or statutory provisions to the contrary, that a defendant in a criminal case who has pleaded guilty after being fully apprised of his legal rights, may not appeal from a judgment and sentence on such plea, except perhaps upon jurisdictional questions. *Stokes* v. *State,* 122 Ark. 56, 182 S. W. 521; *State* v. *Stone,* 101 W. Va. 53, 131 S. E. 872; *State* v. *Bergeron,* 152 La. 38, 92 So. 726; *Browsky* v. *Perdue,* 105 W. Va. 527, 143 S. E. 304; *State* v. *Stafford,* 160 Md. 385, 153 Atl. 77. Indeed, appellant admits this to be true in most states, but contends that by virtue of the constitutional and statutory provisions above set forth the rule in this jurisdiction is different. So far as the constitutional question is concerned, the prece-

dents are not in harmony. We have been cited to the decisions of three states having constitutional provisions practically similar to that of our Constitution above set forth. In the state of Washington, under such a provision, it is held that an appeal will not lie. *State* v. *Haddon,* 179 Wash. 669, 38 Pac. (2d) 227; *State* v. *Eckert,* 123 Wash. 403, 212 Pac. 551. On the other hand, in the states of Utah and Texas a contrary view is taken, the courts holding that under such constitutional provision while an appeal must be taken within such limits and restrictions as to time and procedure as the legislature might prescribe, the constitutional right of appeal applies when defendant has pleaded guilty as well as in other cases. *Weaver* v. *Kimball,* 59 Utah 72, 202 Pac. 9; *Ex parte De Loche,* 50 Tex. Cr. 525, 100 S. W. 923.

It is also urged by appellant that this court has in at least three different cases entertained an appeal from the superior court where the defendant had entered a plea of guilty in that court and that although the question as to the right of appeal was not raised in any of these cases, so that our action therein is not decisive of the issue here, it is nevertheless persuasive as showing that it was the general understanding of both the courts and the bar that the right of appeal under such circumstances did exist.

Since the case is one of first impression and the authorities do not agree, we consider it from the standpoint of reason, justice and public policy. On the one hand, the argument may well be made that it is a travesty upon justice that a defendant who has, with full knowledge of his rights, pleaded guilty and been sentenced in one court may thereafter change his mind and insist on his case being heard in another tribunal.

On the other hand, it is a well-known fact that the presiding magistrates in justice and police courts are seldom skilled in the law; that proceedings therein are apt to be summary in their nature; and that although defendants, technically speaking, may have been advised as to their rights in the premises, they are not as a rule fully conversant therewith, so that to deny the right of appeal where a plea of guilty has been entered might in some cases work a grievous injustice.

After considering the matter from all angles, and in the light of the language of our constitutional and statutory provisions above quoted, we are of the opinion that under the law of Arizona an appeal may be taken from a judgment in a criminal case, notwithstanding the fact that a plea of guilty has been entered by the defendant.

It is urged that this rule will seriously impede or delay the orderly and speedy administration of justice both in the inferior and superior trial courts, because defendants who have pleaded guilty with the expectation of receiving a light sentence may, if they are dissatisfied with the judgment of the court, have the case again heard upon its merits. So far as an appeal from the superior court to the Supreme Court is concerned, such a condition cannot arise. This court does not try a case *de novo,* but merely reviews the proceedings in the superior courts for errors of law. Upon an appeal after a plea of guilty in such court, obviously no questions as to the sufficiency of the evidence, or errors in the manner of trial can be raised, the only question which this court can consider under such circumstances being jurisdictional ones, and if there be a question of lack of jurisdiction, it is but justice that this court should have the right to review the issue, notwithstanding a plea of

guilty was entered. The situation so far as appeals from the justice courts to the superior courts are concerned is somewhat different. It is true that on such an appeal the defendant is entitled to a trial *de novo* and the case will be heard on both the law and the facts as though it has originated in the superior court. *Morris* v. *People,* 5 Colo. App. 138, 38 Pac. 78; *State* v. *Coulter,* 40 Kan. 87, 19 Pac. 368; *Territory* v. *Lowitski,* 6 N. M. 235, 27 Pac. 496. We think, however, that the allowance of an appeal even under those circumstances is more apt to serve the interests of justice and public policy than the adoption of the contrary rule. While a few of our inferior magistrates are men trained in the law, the greater number of them are not and cannot be so prepared. As a result, the proceedings in these inferior tribunals are naturally and necessarily more or less informal in their manner, and frequently conducted without strict observance of the rules of both procedural and substantive law. In the vast majority of judgments of such tribunals the results, although arrived at informally, are probably in conformity with substantial justice. There are, however, at times cases where, with the best intentions upon the part of the presiding magistrate, an injustice has been done.

If the unlimited right of appeal guaranteed by the language of the Constitution is upheld, these few injustices will doubtless be righted in the superior court, and frivolous appeals will be discouraged by the fact that since the trial is *de novo* in the superior court, if the appellant is there convicted and it appears the appeal was of that character, the trial judge can and doubtless will take that fact into consideration and will fix the penalty accordingly.

For all these reasons, we are of the opinion that the public policy of our state, as indicated by the people

in the constitutional provision and by the legislature in the sections of the Code above quoted, is best carried out by a holding that the right of appeal under circumstances like those appearing in this case does exist.

The judgment of the superior court of Maricopa county is reversed and the case remanded with instructions to issue a writ of *mandamus* to the appellee directing him to allow an appeal. If appellant should file bond, under the provisions of section 5154, *supra,* the execution of the judgment of the justice court will be stayed pending the appeal, otherwise it will continue in force.

McALISTER and ROSS, JJ., concur.