CITY OF FAYETTEVILLE *v.* BELL.

4298                                    170 S. W. 2d 666

Opinion delivered April 12, 1943.

*Price Dickson,* for appellant.

*John Mayes* and *G. T. Sullins,* for appellee.

SMITH, J. On November 22, 1942, Appellee Bell entered a plea of guilty in the municipal court of the city of Fayetteville to the charge of "drunken driving," in violation of § 6707 of Pope's Digest. The judgment entered upon this plea imposed a fine of $100, which was paid. On December. 1, 1942, appellee filed a motion to vacate this judgment, which was overruled, and from that action an appeal to the circuit court was filed on December 9, 1942.

On the date last mentioned appellee filed in the circuit court a motion to amend the judgment of the municipal court, which was sustained, and an order was entered on that date by the circuit court modifying the judgment of the municipal court "to the extent that the suspension of his right to drive an automobile and the enforcement thereof is suspended during the good behavior of the defendant, or until the further orders of this court, and if said license has been canceled he is authorized to obtain a new driver's license, this order being made by reason of the war emergency." The judgment of the municipal court made no order in regard to the cancellation of appellee's license.

On January 3, 1943, the attorney for the city of Fayetteville filed a motion to vacate the judgment of the circuit court modifying the judgment of the municipal court. It was alleged in this motion that the circuit court was without jurisdiction to make its order and that the order was made without the knowledge or consent of the city's attorney. That motion was overruled, and from that action and order is this appeal. The city's attorney makes the concession that it must be taken as true that the municipal court judgment was modified by consent, but the insistence is that the circuit court lacked authority to make that order for the reason that the judgment of the municipal court was rendered upon a plea of guilty, from which judgment the right to appeal did not lie.

This contention must be sustained upon the authority of the cases of *Stokes* v. *State,* 122 Ark. 56, 182 S. W. 521, and *Dudney* v. *State,* 136 Ark. 453, 206 S. W. 898.

In the first of these cases a plea of guilty to a misdemeanor charge was entered and the defendant's punishment fixed at a fine with imprisonment in the county jail. Within the time allowed by statute he prayed, was granted and perfected an appeal to the circuit court, where he was permitted to withdraw the plea of guilty, which he had entered in the justice's court, and to enter a plea of not guilty. He was then tried in the circuit court upon this plea of not guilty and was found guilty, and his fine was increased and his term of imprisonment lengthened, from which judgment he prayed an appeal to this court.

Upon this state of the record Justice Hart there said: "The circuit court should have dismissed the appeal of the defendant. The defendant entered his plea of guilty before the justice of the peace. In doing so he confessed himself guilty in the manner and form as charged against him in the information." It was there further said: "The defendant pleaded guilty when he was arraigned before the justice of the peace and sentence was there pronounced against him. His plea of guilty as received by the court and recorded was an admission of any offense well charged in the information. Unless it was withdrawn by leave of the court there would be nothing left to be done but for the court to pass sentence upon him. The reason is that a plea of guilty is a formal confession of guilt before the court in which the defendant is arraigned, and the court can then only pass sentence as upon a verdict. *State* v. *Wright,* 96 Ark. 203, 131 S. W. 688; Clark's Criminal Procedure, pp. 373, 374.

"It follows that the circuit court erred in not dismissing the appeal of the defendant and for that error the judgment will be reversed and the appeal of the defendant from the justice of the peace court to the circuit court will be dismissed."

Under substantially similar facts the holding in the case of *Stokes* v. *State, supra,* was approved in the case

of *Dudney* v. *State, supra,* where the same order was entered, that order being to reverse the judgment of the circuit court and to remand the cause to that court with directions to dismiss the appeal. See, also, *Duncan* v. *State,* 125 Ark. 4, 187 S. W. 906.

The same order must be entered here and the judgment will be reversed and the cause will be remanded to the circuit court with directions to dismiss the appeal to that court. Such action will then be taken as conforms to the law. Sections 6852 and 6853, Pope's Digest.

At the recent session of the General Assembly an Act was passed, with an emergency clause attached, which was approved February 26, 1943, entitled "An Act to clarify the right of appeal in certain misdemeanor cases and to grant justice to persons uninformed of their legal rights." The purpose of the act appears to be to grant the right of appeal from the judgments of municipal, justice's or mayor's courts entered upon pleas of guilty upon compliance with the conditions there specified. This act has no application here for the reason that it requires the motion for an appeal to be filed within 30 days of the date of the judgment, from which it was sought to appeal, and that time expired before the act became effective.

Judgment reversed and cause remanded with directions.