STATE OF MONTANA, PLAINTIFF AND RESPONDENT, *v.* EMIL PASKVAN, DEFENDANT AND APPELLANT.

No. 9657.

Submitted January 28, 1957.   Decided February 18, 1957.

Rehearing Denied April 29, 1957.

309 Pac. (2d) 1019.

Mr. E. A. Peterson, Bozeman, Mr. Wellington D. Rankin, Mr. Arthur P. Acher, Helena, for appellant.

Mr. Arnold H. Olsen, former Atty. Gen., Mr. Forrest H. Anderson, Atty. Gen., Mr. Hubert J. Massman and Mr. Emmet T. Walsh, Asst. Attorneys Gen., Mr. Harold L. Allen, former County Atty., Mr. Seth F. Bohart, Deputy County Atty., Mr. Douglas R. Drysdale, County Atty., Bozeman, for respondent.

Mr. Peterson, Mr. Rankin, Mr. Acher, Mr. Walsh, Mr. Bohart and Mr. Allen argued orally.

MR. CHIEF JUSTICE HARRISON:

This is an appeal from a judgment entered upon a verdict finding the defendant guilty of a misdemeanor; that of selling intoxicating liquor to a person under the age of twenty-one years, and from the order of the district court denying a new trial.

On July 9, 1955, one Barry Dean Neu, aged fifteen years, appeared at the Three Rivers Inn, a tavern owned and operated

by the defendant, and desired to purchase a case of beer. The defendant asked Neu if he was twenty-one years old. Neu stated he was, but the defendant wanted some identification to prove it. The boy then left the bar and, with two friends who accompanied him in an automobile, went into the City of Three Forks. There he secured a typewriter and made up an identification card, which card was of the type usually found in wallets containing the name, address, telephone number and person to be notified in case of accident. This card was filled out by the boys with false information as to the names and addresses and contained no age. Neu then went back to the Three Forks Inn and presented the card to the defendant, who examined it and then sold him a case of beer. Later that same evening the boy returned and purchased two half-pints of whiskey from the defendant. As the boy left the tavern to return to his friends who were waiting in the automobile he met the night marshal of Three Forks and a highway patrolman to whom he exhibited the whiskey which he had just purchased. The boys then proceeded toward Bozeman, but were stopped at Manhattan. The beer and liquor were confiscated by the authorities and this action followed.

In his specifications of error the appellant alleges that the state failed to prove that the purchaser of liquor was under the age of twenty-one years by sufficient evidence to support the judgment of conviction; that the district court lacked jurisdiction of the offense; that error was present in sustaining objection to, and in refusing to admit certain testimony, and in refusal of the court to give a requested instruction.

In support of the contention that the state failed to prove the age of the purchaser, the appellant insists that the purchaser was an accomplice as a matter of law by virtue of the provisions of R.C.M. 1947, section 4-413, as amended by chapter 71, Laws of 1953, such section as amended, and so far as here material reads:

''Any minor or other person who knowingly misrepresents his or her qualifications for the purpose of obtaining liquor,

beer or wine from such license shall be equally guilty with said license * * *''

Appellant insists that since the statute provides that the minor is ''equally guilty,'' he must therefore be held as a matter of law to be an accomplice.

With this contention we do not agree. The term ''equally'' is defined in 30 C.J.S., page 294, as: ''Alike; in like manner, in the same manner.'' The term ''alike'' is defined in Webster's New International Dictionary (2d ed.), as: ''In the same manner * * *''  .

Thus in the instant case it would mean that the minor is alike guilty of the crime or misdeamonr; but it does not mean the same misdemeanor as the appellant is guilty of, being that of selling liquor to a minor under the age of twenty-one, but the misdemeanor of knowingly misrepresenting his qualifications for the purpose of obtaining liquor.

The penalty for the crime of appellant is provided by R.C.M. 1947, section 94-35-106, as amended, whereas the penalty for the crime of the minor is provided by R.C.M. 1947. section 4-439, as amended.

The situation here is similar in effect to that discussed by this court in State v. Phillips, 127 Mont. 381, 264 Pac. (2d) 1009, 1015, wherein it was stated:

''The relation between the forger and one passing the instrument knowing it to contain a forged indorsement is analogous to that between a thief and one receiving the property knowing it to have been stolen. It has been held that one who steals property is not an accomplice of one who receives the property knowing it to have been stolen unless the thief and the receiver act in concert in advance of the larceny, because they are separate and distinct crimes. State v. Keithley, 83 Mont. 177, 271 Pac. 449. That same principle governs this case.''

So while each is guilty of a misdemeanor, they are not guilty of the same misdemeanor and under no construction of the law can the purchaser be said to be an accomplice of the seller. In this situation since the testimony of one witness is sufficient

for the proof of any fact, there exists in the record evidence that the purchaser of the liquor was under the age of twenty-one years, and, further, such evidence is undisputed.

That this distinction was recognized by counsel for appellant is also indicated by the record herein when he inquired of the purchaser: "Have you been arrested for misrepresentation?"

Error is claimed in the refusal of the court to permit testimony with regard to the identification cards, provided for by chapter 107, Laws of 1955. There is no testimony in the record that the appellant made any inquiry touching that subject of the purchaser. In fact, the record negatives any such idea in his mind at the time of the sale and therefore no error appears in sustaining the objection to the question propounded of the witness.

Error is also charged in the refusal of the court to permit the appellant to testify as to the contents of the card which he claimed the purchaser produced at the time of the sale; the appellant claiming that the card offered and received in evidence was not the card shown him by the purchaser at the time of such sale. It is noted that the appellant called as his own witness, the purchaser, and his testimony was, in part:

"Q. And I asked you about another card. Do you remember that, if there was another card? Do you recall that? A. Yes, sir.

"Q. And I asked you to produce the card, another card, if there was one. Do you remember that? A. Yes, sir.

"Q. And what did you say? A. I told you there was no other card.

"Q. When you made that reference do you refer to this card which is marked as plaintiff's Exhibit No. 15? (Exhibit No. 15 shown to the witness). A. This is the one and only card we had."

From the appellant's own case it appears that only one card was ever used, which card indicated nothing concerning the minor's age, and it was in evidence and therefore no error could

be predicated upon the refusal of the court to permit testimony about another purported card which did not exist.

With regard to the error claimed in the refusal of the court ██ to give defendant's offered instruction No. 6, which reads:

''You are instructed that while a sale of intoxicating liquor to a person under twenty-one (21) years of age is prima facie evidence of violation under the law relating to sales, by way of defense and to show precaution the defendant should be permitted to show that the purchaser before such sale represented himself to be twenty-one (21) years of age by showing a card which he claimed to be his and which contained a name, signature and date of birth, all of which purchaser said were his and which indicated that purchaser was twenty-one (21) years of age.''

This offered instruction is not a correct statement of the law. As we stated in State v. Erlandson, 126 Mont. 316, 249 Pac. (2d) 794, 796:

''The acts are police regulations enacted pursuant to the police power of the state. Stephens v. City of Great Falls, 119 Mont. 368, 372, 175 Pac. (2d) 408. The acts and deeds therein condemned and prohibited are *mala prohibita* as distinguished from acts *mala in se*. As to acts *male in se* the intent governs but as to those *mala prohibita* the only inquiry is: Has the law been violated? State v. Smith, 57 Mont. 563, 577, 578, 190 Pac. 107.''

Misrepresentation of age by a minor is not a defense to the crime here charged, and a seller of intoxicating beverages must know the age of the purchaser and whatever false representations are made or precautions taken are immaterial where, in fact, the purchaser is under the age of twenty-one years. The court's ruling was correct.

The claim that the district court did not have jurisdiction to ██ entertain this case is without merit. We hold that R.C.M. 1947, section 94-35-106 and 94-35-106.1, were in force and effect upon the date of the commission of the crime. See State v. Wild, 305 Mont. 476, 305 Pac. 325.

Having considered appellant's specifications of error and finding no prejudicial error therein, the order denying a new trial and the judgment of conviction are affirmed.

MR. JUSTICES CASTLES, BOTTOMLY, ANGSTMAN and ADAIR, concur.