STATE OF MONTANA EX REL. CARL GESCHWENDER, RELATOR AND APPELLANT, *v.* MARK LA ROWE, JUSTICE OF THE PEACE, CIRCLE, McCONE COUNTY, MONTANA, RESPONDENT.

No. 9857.
Submitted April 16. 1959. Decided July 8, 1959.
341 Pac. (2d) 906.

Raymond Hildebrand, Robert W. O'Donovan, Glendive, Ralph J. Anderson, Helena for Appellant.

Ralph J. Anderson argued orally.

Forrest H. Anderson, Atty. Gen., Thomas J. Hanrahan, Asst. Atty. Gen., for respondent. Thomas J. Hanrahan argued orally.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment of the district court of McCone County, which judgment affirmed a judgment of a justice court, entered on a plea of guilty to a complaint which charged that the relator did "commit the crime of misdemeanor (sale of liquor to an interdicted person) in that he did then and there wilfully, wrongfully and unlawfully, sell a pint of Old Sunnybrook liquor to one Martin Stack, said person being then and there an interdicted person by order of the District Court."

The relator had sought a writ of review by the district court, in which application he asserted that he was a licensee of the State of Montana to sell beer and liquor, and that he entered a plea of guilty relying on the representations of the county attorney that he would not be subject to suspension or revocation of his licenses, but was subsequently informed by the State Liquor Control Board of a hearing to determine whether or not his licenses should be suspended or revoked. His application for the writ of review then alleged that the judgment in the justice court was void, in spite of the guilty plea, because the justice court was wholly without jurisdiction.

The district court denied the application for the writ in an order which it subsequently revoked at the suggestion of the relator's counsel and entered a judgment affirming the justice court judgment, apparently done so that an appeal might be had to this court to determine whether or not jurisdiction of the charge lodged in the justice court or exclusively in the district court. We seriously question whether or not this is a proper appeal, but since the state in its brief has not raised the point, or moved to dismiss the appeal, and requests this court to decide the jurisdictional question, we shall attempt to do so.

We recite this unusual procedure, because the complaint was not tested in any ordinary or proper manner to determine its sufficiency or the jurisdiction question in the first instance. And, in order to have the matter reviewed at all, counsel sought a writ of review which was denied but then upon counsel's

suggestion the denial was set aside and a judgment affirming was entered. Certain facts which the complaint did not contain, such as the licensee status of the relator, then are made to appear by the relator himself, and under a guilty plea.

But one question is presented, viz: Did the justice court have jurisdiction to act upon the complaint charging the defendant with sale of liquor to an interdicted person?

The appellant contends that the charge of a sale of liquor to an interdicted person has exclusive jurisdiction in the district court, and that the justice court was without jurisdiction, hence, the sentence imposed was null and void, having been pronounced by a court acting without its jurisdiction.

To arrive at this contention, the appellant asserts that the prosecution was attempted under the Retail Liquor License Act instead of under the Montana Liquor Control Act. Under the Liquor Control Act the prosecution is in the district court and under the Retail Liquor License Act it is in the justice court.

The Liquor Control Act was originally enacted in 1933 and now appears as R.C.M. 1947, sections 4-201 to 4-241. The Retail Liquor License Act was enacted by referendum vote in 1938 and now appears as R.C.M. 1947, sections 4-401 to 4-441.

Referring back to the assertion by the appellant that the state *attempted* to charge under the licensing act, the appellant in his reply brief asserts that the complaint did not designate the defendant as a licensee and therefore he was not charged as a licensee. But, as related before, rather than attempting to withdraw the plea of guilty on some ground consistent with prior rulings of this court in the interest of justice, and attempting to challenge the form of the complaint, the defendant attempted to obtain a writ of review. In his application he asserted the very thing now claimed to have been omitted, that is, his status of a licensee. The plea of guilty to the complaint still stands. The challenge is as to the jurisdiction of the justice court or the district court. The judgment of guilty by the justice court was affirmed by the district

court at the suggestion of appellant's counsel in order that this appeal might be taken.

We will consider whether a licensee under the retail licensing statute can be charged in justice court with selling liquor to an interdicted person.

The sections of the Retail Liquor License Act applicable are as follows: R.C.M. 1947, section 4-413, (the licensing act) provides:

"No licensee or his or her employee or employees, nor any other person, shall sell, deliver, or give away or cause or permit to be sold, delivered or given away any liquor or wine to:

"1.   Any person under the age of twenty-one (21) years.

"2.   Any intoxicated person or any person actually, apparently or obviously intoxicated.

"3.   A habitual drunkard.

"4.   *An interdicted person.*

"5.   Any minor, or other person who knowingly misrepresents his or her qualifications for the purpose of obtaining liquor, beer or wine from such licensee shall be equally guilty with said licensee and shall, upon conviction thereof, be subject to the penalty provided in section 4-439 provided, however, that nothing herein contained shall be construed as authorizing or permitting the sale of liquor, beer or wine to any person in violation of any federal law." Emphasis supplied.

R.C.M. 1947, section 4-402, defines an *interdicted person* as:

"8.   'Interdicted person' means a person to whom the sale of liquor is prohibited under the laws of Montana."

R.C.M. 1947, section 4-439, provides a penalty.

Under the Liquor Control Act, R.C.M. 1947, sections 4-201 to 4-205, provide for interdiction proceedings of the "interdicted persons" referred to in section 4-402, subd. 8, of definitions. Such sections (sections 4-201 to 4-205), also provide a prohibition against sale of liquor to an interdicted person and a penalty. As related before, under these sections, exclusive jurisdiction is in a district court.

However, we have held in State v. Holt, 121 Mont. 459, at 478, 194 Pac. (2d) 651, and State v. Morrissey, 122 Mont. 246, 199 Pac. (2d) 964, in cases involving sale of liquor to minors, that section 4-413 applied and that ''Original jurisdiction of the offense defined in said section [11, Chap. 84, Laws of 1937 as amended, now R.C.M. 1947, section 4-413] is vested in the justice courts.'' However, for subsequent cases reflecting amendments, as to sale to minors, see State v. Paskvan, 131 Mont. 316, 321, 309 Pac. (2d) 1019; State v. Winters, 129 Mont. 207, 285 Pac. (2d) 149.

The same reasoning as set forth in State v. Holt, and State ██ v. Morrissey, supra, applies here. Our interpretation of the conflict between the State Liquor Control Act and the Retail Liquor License Act applies. Where a special statute conflicts with a general one, the special statute prevails, as to the point in conflict. The only conflicting point is as to jurisdiction. As to that, the special act controls, that is, the Retail Liquor License Act.

In this connection, in the Holt case, supra, 121 Mont. at page 478, we said:

''By the provision of section 2815.148, Revised Codes 1935 [now section 4-223, R.C.M. 1947], the district court is given original jurisdiction 'in all criminal actions for violations of the provisions of this act.' 'This act' is the 'State Liquor Control Act.' The Act which the evidence tends to show was violated by appellants, was section 11 of Chapter 84, Laws of 1937, as amended [now section 4-413, R.C.M. 1947].

''But original jurisdiction for the violation of said statute, section 11, is not vested in the district court. Original jurisdiction of the offense defined in said section is vested in the justice courts. The district court has only jurisdiction of such offense on appeal thereto from the justice court.

''The Montana Constitution vests in the district courts jurisdiction 'in all criminal cases amounting to felony, and in all cases of misdemeanor not otherwise provided for,' sec. 11,

Art. VIII, Mont. Const., and it provides that 'justices' courts * * * shall have such jurisdiction in criminal matters, not of the grade of felony as may be provided by law.' Art. VIII, sec. 21.

"It has been provided by law at all times since the adoption of the Codes in 1895 that 'justices' courts shall have jurisdiction of * * * all misdemeanors punishable by a fine not exceeding five hundred dollars, or imprisonment not exceeding six months, or both such fine and imprisonment.' Sec. 11630, Rev. Codes of Montana, 1935 [now R.C.M. 1947, section 94-4916]."

Our position and reliance on these decisions is strengthened by what we said in State v. Winter, and State v. Paskvan, supra.

For the foregoing reasons, the judgment of the district court is affirmed.

MR. CHIEF JUSTICE HARRISON concurs.

MR. JUSTICE ANGSTMAN:

I did not agree with the majority opinion in State v. Holt, 121 Mont. 451, 194 Pac. (2d) 651, hence, since the majority opinion in this case is based upon the holding in the Holt case, I concur in the result solely on the ground of *stare decisis*. As to the dissenting opinion of Mr. Justice Adair, it does not differ from the majority opinion as to the result.

The majority questions the propriety of an appeal but passes the point as not having been raised by counsel for the parties. It reaches the same result sought by the dissenting opinion, viz: that defendant is not entitled to any relief from the justice court judgment entered on his plea of guilty.

MR. JUSTICE ADAIR dissenting:

In this case Geschwender was entitled to neither a writ of review nor an appeal. His voluntary plea of guilty is a confession of guilt. It is the equivalent of a valid conviction. I

find nothing in our codes or statutes that empowers or authorizes the district court or the supreme court to issue a writ of review or to grant the defendant Geschwender any relief whatever herein.

Here are the facts:

On May 13, 1957, the sheriff of McCone County, Montana, signed and filed in the justice court before Mark LaRowe, Justice of Peace for Circle Township in said county, a complaint charging that on a day certain in said county, Carl Geschwender did wilfully, wrongfully and unlawfully sell a pint of whiskey to one Martin Stack, then and there being an interdicted person by virtue of an order theretofore made by the district court for said county.

On May 14, 1957, pursuant to a warrant of arrest issued upon the aforesaid complaint, the defendant Carl Geschwender was arrested and taken before the above justice of the peace who, then and there informed Geschwender of the accusation and charge set forth in the complaint made and filed against him, and of his right to have a lawyer to represent him which right Geschwender then and there voluntarily waived in open court, and personally and voluntarily entered a plea of guilty to the accusation and charge in the complaint whereupon the justice of the peace made and entered a judgment of conviction wherein he ordered that said defendant pay a fine of $100 which sum Geschwender then and there paid to the said justice of the peace.

"A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence." Kercheval v. United States, 274 U.S. 220, at page 223, 71 L.Ed. 1009, at page 1012, 47 Sup. Ct. 582, 583.

"The plea of guilty made, as here, *voluntarily,* is a waiver of all of defendant's rights, —the right to counsel, the right to

trial by jury, or to a trial at all." Cooke v. Swope, 28 F. Supp. 492, at page 494 (D.C. W.D. Wash.).

The defendant Geschwender made no application for leave to withdraw his plea of guilty. He made no application for any order setting aside the judgment of conviction and sentence entered against him on May 14, 1957. The fine imposed was promptly paid and the judgment entered is, in effect, a judgment by confession from which there is no appeal provided by statute. Furthermore, if this were an appealable judgment, which it is not, still the law requires that the appeal must be taken "within *ten* days after judgment is rendered." R.C. M. 1947, section 94-100-33. Emphasis supplied.

Geschwender did nothing relative to his plea and conviction during the remainder of the month of May 1957 or during the entire month of June 1957.

However, on July 3, 1957, Geschwender received a notice by mail from the Montana State Liquor Control Board informing him that at a stated hour on July 15, 1957, the Board would hear and act upon the matter of the revocation or suspension of defendant's retail beer and liquor license by reason of the aforesaid conviction.

On July 12, 1957, Geschwender filed in the district court of McCone County his affidavit subscribed and sworn to by him on July 9, 1957, wherein he applied for the issuance of a writ of review requiring Mark LaRowe, as justice of the peace, to certify to the district court a transcript of the record, judgment and proceedings had against him in said justice court in the aforesaid criminal prosecution.

In such affidavit Geschwender swore:

"That I have been advised by legal counsel that I have no appeal from said judgment of conviction and therefore hereby allege that no such appeal exists, and that I do not have any plain, speedy or adequate remedy other than a writ of review."

Geschwender's counsel was correct when he advised his client that, under the facts which here obtain, Geschwender had

and he has no appeal. Neither was Geschwender entitled to a writ of review herein and the district court for McCone County so correctly ruled in its order dated August 6, 1959, wherein it denied the application for such writ. Compare: State ex rel. Estes v. Justice Court of Jefferson County, 129 Mont. 136, 284 Pac. (2d) 249; State v. Scalise, 131 Mont. 238, 309 Pac. (2d) 1010, 1017; People v. Brown, 87 Colo. 261, 286 Pac. 859; People v. Schulman, 215 N.Y.S. 337, 216 App. Div. 814; City of Fayetteville v. Bell, 205 Ark. 672, 170 S.W. (2d) 666; State v. Eckert, 123 Wash. 403, 212 Pac. 551; State v. Schreiber, 5 W. W. Harr. 424, 166 A. 669 (Del. 1933); State v. Bundy, 5 W. W. Harr. 529, 168 A. 677 (Del. 1933); State ex rel. Treat v. District Court, 122 Mont. 249, 200 Pac. (2d) 248.

It is quite apparent that Geschwender's counsel much preferred the word "judgment" to the word "order" for after the district judge had made and filed his order of August 9, 1957, wherein he *ordered* "the application for the Writ of Review is denied" the same district judge under date of August 16, 1957, signed and caused to be entered a so-called "Judgment" purporting to "in all things" affirm "the judgment rendered by Mark LaRowe, Justice of the Peace on the 14th day of May, 1957" as "manifestly good and valid in law" and also to vacate said district court's prior order of August 9, 1957, denying Geschwender's application for a writ of review and to substitute "in its place" and stead "this Judgment".

This most irregular procedure apparently was indulged to supply a so-called "judgment" of the district court from which a futile attempt has been made to take an "appeal" to this court. This so-called "judgment" of August 16, 1957, has no more force or effect than the court's "order" of August 9, 1957, denying Geschwender's application for a writ of review. Under the facts of this case, neither the district court nor the supreme court was authorized to review the proceedings had and done in the justice of the peace court on Geschwender's

voluntary plea of guilty to the accusation and charges set forth in the complaint in the justice of the peace court. Neither the district court nor the supreme court is clothed with the jurisdiction to grant the defendant Geschwender any relief whatever from his voluntary plea of guilty entered in the justice of the peace court.

MR. JUSTICE BOTTOMLY dissenting:

The facts in this case are stated in the other opinions herein and will not be again set forth here. Under the facts, circumstances and the applicable law, it is my opinion the Justice of the Peace, LaRowe, *had jurisdiction to receive the voluntary plea of guilty of the defendant and to impose the judgment of conviction, and the fine.*

The voluntary plea of guilty, as entered by this defendant, is itself a conviction and is different from a jury's verdict and a judgment entered thereon in that there is no statutory provision for an appeal therefrom. The district court was correct in denying defendant's application for a writ of review, as such court had no jurisdiction therein. Neither is this court clothed with jurisdiction to entertain this purported appeal. *The court's first duty is to ascertain if it has jurisdiction; having no jurisdiction it may only order such unauthorized appeal dismissed.*

"The question of jurisdiction should be inquired into by the court at the earliest inception on its own initiative to ascertain whether or not it has jurisdiction. State ex rel. Irvine v. District Court, 125 Mont. 398, 239 Pac. (2d) 272, 275; Endresse v. Van Vleet, 118 Mont. 533, 539, 169 Pac. (2d) 719; Pulliam v. Pulliam, 163 Kan. 497, 183 Pac. (2d) 220, 221, 1 A.L.R. (2d) 418; Williams v. Sherman, 36 Idaho 494, 212 Pac. 971; McNee v. Hart, 117 Okla. 220, 246 Pac. 373; Kramer v. Pixton, 72 Utah 1, 268 Pac. 1029; Luckenbach v. Krempel, 188 Cal. 175, 204 Pac. 591; Kreiss v. Hotaling, 96 Cal. 617, 31 Pac. 740." Sheridan County Electric Co-op, Inc. v. Anhalt, 127 Mont. 71, 257 Pac. (2d) 889.

In cases where the court has no jurisdiction, but proceeds to receive a plea of guilty and to enter an erroneous judgment of conviction and sentence, such a defendant has relief by way of a writ of coram nobis, but such a situation is not present here.

The only jurisdiction and authority this court has is to simply order this purported appeal dismissed for want of jurisdiction in both the district court and this court. The judgment in the justice court is as valid today as it was when entered.