No. 86-502 and 86-528

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

STATE OF MONTANA,                           No. 86-502

           Plaintiff and Respondent,
   -vs-

JEFFREY WAYMIRE,
           Defendant and Appellant.

                            No. 86-528
CITY OF BILLINGS,
           Plaintiff and Respondent,
   -vs-

CHESTER METCALF,
           Defendant and Appellant.


APPEAL FROM: District Court of the Thirteenth Judicial District,
           In and for the County of Yellowstone,
           The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:
        Brad L. Arndorfer, Billings, Montana

    For Respondents:
        Hon. Mike Greely, Attorney General, Helena, Montana
        Dorothy McCarter, Asst. Atty. General, Helena
        Harold Hanser, County Attorney, Billings, Montana
        Gayle Stewart, Deputy County Atty., Billings


Submitted on Briefs: Feb. 13, 1987

Decided:   April 16, 1987

Filed:  APR 16 1987

                         _Ethel M. Harrison_
                              Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the Thirteenth Judicial District, Yellowstone County, Montana. The court dismissed an appeal from the Yellowstone justice court and city court of Billings, Montana. Defendants had been driving under the influence of alcohol. We reverse and remand.

Defendant Jeffrey Waymire (Waymire) was arrested March 29, 1986. He was issued a ticket for driving under the influence of alcohol (second offense), and for driving with a suspended or revoked license.

There is a factual question whether he entered a plea of guilty or the plea was entered for him by the justice court. Accepting Waymire's version of the fact, he appeared in justice court April 1, 1986, was advised of the charge, the possible penalty, his right to remain silent, his right to an attorney, and his right to a jury or non-jury trial. He alleges he was then asked to enter a plea. He claims he stated to the judge he did not know the plea he wanted to enter and would exercise his right to remain silent. Apparently a ten or fifteen minute argument ensued, and it is Waymire's contention the justice court entered a guilty plea and sentenced him, although he claims not to have entered a plea. He received a sixty day sentence in the county jail.

Waymire then contacted counsel who moved the justice court to set aside the guilty plea and to allow the plea of not guilty. The justice court refused to set aside the guilty plea.

Waymire appealed the sentence and judgment to the District Court for a trial de novo, two days after his initial appearance in justice court. After several settings

2

of trial, to which he did not object, on September 23, 1986, the State successfully moved to dismiss in the District Court for lack of jurisdiction. Thereafter, Waymire moved the District Court to reconsider its order granting the motion to dismiss, and provided a brief in support of the motion. The District Court remanded the matter to justice court for imposition of sentence. From these orders Waymire appeals.

Defendant Chester Metcalf (Metcalf) was arrested for driving under the influence of alcohol (second offense) or driving with a blood alcohol content of .10 or more. He appeared in Billings city court, signed a waiver of rights, and entered a plea of guilty. His sentence was a fine of $500, he was ordered to attend DUI court school, and was sentenced to six months in jail with a portion to be suspended upon completion of the school.

Apparently not satisfied with his sentence, Metcalf attempted to appeal to the District Court for a trial de novo. As in Waymire's case, the District Court dismissed the appeal for lack of jurisdiction. Metcalf now appeals the District Court's order and asks for a trial in the District Court.

The issue whether a guilty plea in justice court or city court can be appealed to the District Court for a trial de novo is one of first impression. Authority from other jurisdictions is conflicting. Courts which do not allow an appeal reason that because a guilty plea is tantamount to a confession of judgment, there is nothing from which an appeal may be taken. In those jurisdictions which do not have general statutory or constitutional authority for appeal, courts which have allowed an appeal following a guilty plea do so primarily for policy reasons. Courts in jurisdictions where a trial de novo is permitted base their decision on

3

general statutory authority regarding appeals, on state constitutional authority, or on policy.

> [T]he argument may well be made that it is a travesty upon justice that a defendant who has, with full knowledge of his rights, pleaded guilty and been sentenced in one court may thereafter change his mind and insist on his case being heard in another tribunal.

Burris v. Davis (Ariz. 1935), 46 P.2d 1084, 1086.

There is no constitutional right of appeal in Montana. The pertinent statute in this case is § 46-17-311, MCA. It does not specifically allow appeal of a guilty plea, however.

Section § 46-17-311, MCA, states in pertinent part:

> (1) All cases on appeal from justices' or city courts must be tried anew in the district court and may be tried before a jury of six selected in the same manner as a trial jury in a civil action, except that the total number of jurors drawn shall be at least six plus the total number of peremptory challenges.

> (2) A party may appeal to the district court by giving written notice of his intention to appeal within 10 days after judgment, except that the state may only appeal in the cases provided for in 46-20-103.

The legislature made no distinction between a guilty plea and a finding of guilt by the court or jury.

We have held continuously for the last twenty-five years that the District Court and the Supreme Court have no appellate jurisdiction to review orders of the justice court. An appeal to the District Court for a trial de novo is the appellant's exclusive remedy for an appeal of justice court proceedings. Adair v. Lake County Justice Court (Mont. 1984), 692 P.2d 13, 14, 41 St.Rep. 2241, 2242. We adopt the rationale of the Arizona court in Burris, supra, and hold

4

that from the standpoint of reason, justice and public policy, appeals of a guilty plea in justice court or city court may be tried anew in District Court provided they are properly perfected.

The statutory bounds of the District Court are not exceeded by a decision based on sound public policy of avoiding injustice. This holding does not give the District Court original jurisdiction of a DUI case in violation of § 3-5-302, MCA.

Therefore the judgment of the city court and of the justice court may be heard anew by the District Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

Mr. Justice L. C. Gulbrandson dissenting.

I respectfully dissent to the holding that "appeals of a guilty plea in justice court or city court may be tried anew in District Court. . . "

The majority has adopted the rationale of Burris v. Davis (Ariz. 1935), 46 P.2d 1084 "from the standpoint of reason, justice and public policy."

Article 2, Section 24 of the Constitution of Arizona, states "In criminal prosecutions, the accused shall have . . . the right to appeal in all cases", (emphasis added). Section 5153, R.C. (Arizona) 1928, states: "The defendant in any criminal action may appeal to the superior court . . ." (emphasis added). The Arizona Supreme Court in Burris, 46 P.2d at 1086, in the year 1935, stated:

> On the other hand, it is a well-known fact that the presiding magistrates in justice and police courts are seldom skilled in the law; that proceedings therein are apt to be summary in their nature; and that although defendants, technically speaking, may have been advised as to their rights in the premises, they are not as a rule fully conversant therewith, so that to deny the right of appeal where a plea of guilty has been entered might in some cases work a grievous injustice.
>
> After considering the matter from all angles, and in the light of the language of our constitutional and statutory provisions above quoted, we are of the opinion that under the law of Arizona an appeal may be taken from a judgment in a criminal case, notwithstanding the fact that a plea of guilty has been entered by the defendant.
>
> . . .
>
> While a few of our inferior magistrates are men trained in the law, the greater number of them are not and cannot be so prepared. As a result, the proceedings in these inferior tribunals are naturally and necessarily more or less informal in

6

their manner, and frequently conducted without strict observance of the rules of both procedural and substantive law. In the vast majority of judgments of such tribunals the results, although arrived at informally, are probably in conformity with substantial justice. There are, however, at times cases where, with the best intentions upon the part of the presiding magistrate, an injustice has been done.

. . .

For all these reasons, we are of the opinion that the public policy of our state, as indicated by the people in the constitutional provision and by the Legislature in the sections of the Code above quoted, is best carried out by a holding that the right of appeal under circumstances like those appearing in this case does exist. (Emphasis added.)

I agree with the holding of the Burris court, as of 1935, but I do not agree that the State of Montana has, by constitution or legislative action, a public policy as declared by the majority herein.

What may have been true in Arizona in 1935, regarding untrained inferior magistrates, is certainly not indicative of the quality of training received by Montana Justices of the Peace and city judges in 1987. Under §§ 3-10-202, 3-10-203, and 3-11-204, MCA, those described officers are required to attend annual training sessions, supervised by the Montana Supreme Court, and I therefore believe the adoption of the Burris court rationale to be in error.

The Montana Supreme Court, although not ruling upon the specified issue here, indicated doubt as to the appealability of a judgment entered upon a guilty plea in justice court in State v. La Rowe, 136 Mont. 591, 341 P.2d 906 (1959).

Dissenting Justice Adair noted that a plea of guilty is itself a conviction, and is conclusive, and further noted

that a voluntary guilty plea is a waiver of all the defendant's rights, including the right to a trial at all.

Dissenting Justice Bottomly noted that a voluntary plea of guilty is a conviction but is different from a jury's verdict and a judgment entered thereon in that there is no statutory provision for an appeal from a judgment entered on a guilty plea, thus leaving the district court with no jurisdiction to entertain the purported appeal.

To now hold that the defendant is entitled to a trial de novo in district court when there has been no trial in justice court, where there is no constitutional or statutory language for an appeal from a judgment based on a guilty plea, and where the declared public policy of Montana is to protect defendants' rights through a supervised course of training and education of justices of the peace and city judges is to defy "reason, justice and public policy".

I would affirm the order of the district judge.

_____
Justice