MR. JUSTICE GULBRANDSON,
dissenting:
I respectfully dissent to the holding that “appeals of a guilty plea in justice court or city court may be tried anew in District Court
The majority has adopted the rationale of Burris v. Davis (1935), 46 Ariz. 127, 46 P.2d 1084 “from the standpoint of reason, justice and public policy.”
Article 2, Section 24 of the Constitution of Arizona, states “In criminal prosecutions, the accused shall have . . . the right to appeal in all cases”. (Emphasis added.) Section 5153, R.C. (Arizona) 1928, states: “The defendant in any criminal action may appeal to the superior court. . . “ (emphasis added). The Arizona Supreme Court in Burris, 46 P.2d at 1086, in the year 1935, stated:
“On the other hand, it is a well-known fact that the presiding magistrates in justice and police courts are seldom skilled in the law; that proceedings therein are apt to be summary in their nature; and that although defendants, technically speaking, may have been advised as to their rights in the premises, they are not as a rule fully conversant therewith, so that to deny the right of appeal where a plea of guilty has been entered might in some cases work a grievous injustice.
“After considering the matter from all angles, and in the light of the language of our constitutional and statutory provisions above quoted, we are of the opinion that under the law of Arizona an appeal may be taken from a judgment in a criminal case, notwithstanding the fact that a plea of guilty has been entered by the defendant.
*410 “While a few of our inferior magistrates are men trained in the law, the greater number of them are not and cannot be so prepared. As a result, the proceedings in these inferior tribunals are naturally and necessarily more or less informal in their manner, and frequently conducted without strict observance of the rules of both procedural and substantive law. In the vast majority of judgments of such tribunals the results, although arrived at informally, are probably in conformity with substantial justice. There are, however, at times cases where, with the best intentions upon the part of the presiding magistrate, an injustice has been done.
“For all these reasons, we are of the opinion that the public policy of our state, as indicated by the people in the constitutional provision and by the Legislature in the sections of the Code above quoted, is best carried out by a holding that the right of appeal under circumstances like those appearing in this case does exist. (Emphasis added.)”
I agree with the holding of the Burris court, as of 1935, but I do not agree that the State of Montana has, by constitution or legislative action, a public policy as declared by the majority herein.
What may have been true in Arizona in 1935, regarding untrained inferior magistrates, is certainly not indicative of the quality of training received by Montana Justices of the Peace and city judges in 1987. Under Sections 3-10-202, 3-10-203, and 3-11-204, MCA, those described officers are required to attend annual training sessions, supervised by the Montana Supreme Court, and I therefore believe the adoption of the Burris court rationale to be in error.
The Montana Supreme Court, although not ruling upon the specified issue here, indicated doubt as to the appealability of a judgment entered upon a guilty plea in justice court in State v. La Rowe, 136 Mont. 591, 341 P.2d 906 (1959).
Dissenting Justice Adair noted that a plea of guilty is itself a conviction, and is conclusive, and further noted that a voluntary guilty plea is a waiver of all the defendant’s rights, including the right to a trial at all.
Dissenting Justice Bottomly noted that a voluntary plea of guilty is a conviction but is different from a jury’s verdict and a judgment entered thereon in that there is no statutory provision for an appeal from a judgment entered on a guilty plea, thus leaving the district court with no jurisdiction to entertain the purported appeal.
To now hold that the defendant is entitled to a trial de novo in *411 district court when there has been no trial in justice court, where there is no constitutional or statutory language for an appeal from a judgment based on a guilty plea, and where the declared public policy of Montana is to protect defendants’ rights through a supervised course of training and education of justices of the peace and city judges is to defy “reason, justice and public policy.”
I would affirm the order of the district judge.