Opinion
WHYTE, P. J.
JThese cases all involved the prosecution of bottomless dancing in a bar as an occurrence of indecent exposure proscribed by Penal Code section 314. All involved nude dances which include bumps and grinds and movements by the dancer which simulate an act or acts of sexual intercourse.
Three principal attacks are leveled against these convictions: (1) Sergeant Jack Greenlees, the principal witness for plaintiff and qualified by the trial court as an expert on appeal to prurient interest and limits of candor, was not legally qualified as such expert; (2) that there was no expert testimony that the dances were wholly without redeeming social value; and (3) that under the rules laid down by the Supreme Court of California in Barrows v. Municipal Court (1970) 1 Cal.3d 821 [83 Cal.Rptr. 819, 464 P.2d 483], Penal Code section 314 does not apply to the defendants’ activities.
On the first point, we cannot improve on or add to the statements of Municipal Court Judge Charles S. Vogel, who tried these cases, and hence adopt as the opinion of this court that portion of Judge Vogel’s opinión which reads as follows:
“The court finds that Sgt. Greenlees is qualified to testify as an expert in conformance with the requirements of the law of this state (In re Giannini, 69 Cal.2d 563 [72 Cal.Rptr. 655, 446 P.2d 535]; People v. Rosakos, *Supp. 27 268 Cal.App.2d 497 [74 Cal.Rptr. 34]). This finding is predicated upon the evidence which shows the following:
“(1) He has spent his major working years on a field where recognizing what appeals to prurient interest is a daily and necessary function of his office.
“(2) Beginning in June 1969 he undertook a survey and investigation to determine what the community standards of the State of California are in regard to nude and semi nude entertainment. In connection with that survey has done the following:
“(A) Traveled the entire State of California visiting twenty five cities in twenty two counties.
“(B) Observed the entertainment at three hundred different bars and cocktail lounges in diverse parts of the State and observed and spoke with the patrons.
“(C) Addressed and engaged in questions and answer sessions with labor unions, churches, service clubs, Youth groups, college work shops and parent teachers associations on the subject of nude and semi nude entertainment and obscenity in general.
“(D) Obtained 2000 written interviews with members of the above groups on those subjects and interpreted and compiled the results of 1568 of those interviews.
“(E) Conferred with psychiatrist, psychologist, members of the President’s Commission on Obscenity, prosecutors and defense attorneys on these mentioned subjects.
“(F) Read the leading and current cases of the United States Supreme Court and of the State of California on the subject of obscenity.
“(G) Attended and lectured at seminars and workshops on the subject of obscenity conducted by Moorpark College, Los Angeles State College and the Criminal Bar of Los Angeles County.
“All of this activity was accomplished within the last six months and is superimposed upon the career of a man who has spent many years on the vice squad of the Los Angeles County Sheriff. For these reasons this court accepted Sgt. Greenlees as an expert, qualified to give the opinion required under all the terms of In re Giannini (Ross, Expert Testimony In Obscenity Cases (1966) 18 Hastings L.J. 161, 171, 172).”
Under the second point, appellants would have the People’s expert start in a void and prove a negative. The trial court found and the testimony *Supp. 28 supports the finding that the dances here involved predominately appealed to the prurient interest and exceeded customary limits of candor. It is hard to conceive, although admittedly it is possible, that such material could have redeeming social value. While the burden of persuasion as to lack of redeeming social value is on the prosecution, where the other elements of obscenity exist the burden of going forward should be, and we feel is on the defendant. It is interesting to note that there was no evidence of the lack of redeeming social value in In re Giannini (1968) 69 Cal.2d 563 [72 Cal.Rptr. 655, 446 P.2d 535]; while this fact was commented upon by the court in footnote 5, it was not one of the elements, proof of which the court found required expert testimony. We feel that the police reports themselves contain sufficient material to compel the defense to go forward with a showing of the possible existence of some factor of social value.
Point three is the closest and most difficult. Barrows v. Municipal Court, supra, holds that Penal Code sections 647, subdivision (a) and 311.6 do not apply to live theatrical performances, i.e., stage productions. In light of the broad interpretation of these terms, e.g. Schacht v. United States (1970) 398 U.S. 58 [26 L.Ed.2d 44, 90 S.Ct. 1555], we must classify the dances here[1] as falling within that category. The trial court apparently did so as following the rendition of Barrows it granted new trials on all convictions under section 647 subdivision (a).
In holding section 311.6 inapplicable to the defendants in that case, Barrows turns on the definition of “matter” found in section 311, subdivision (b), Penal Code. But those definitions are limited to words “as used in this Chapter,” i.e., chapter 7.5. Section 314 is not in that chapter; instead it is in chapter 8. Nor does section 314 use or refer to the word “obscene,” the definition of which also played a part in the Barrows decision. It follows that the holding that section 311.6 does not apply to stage performances is not controlling to the case at bench.
Regarding the applicability of section 647, subdivision (a), Barrows turns on legislative intent. The history of the revision of the vagrancy sections is reviewed at length in determining whether the Legislature intended that section to apply to this type of case. The registration requirement of Penal Code section 290 was but one of the factors considered in determining the legislative intent. Section 647, subdivision (a) contains no wording similar to subdivision 2 of section 314, words which we feel *Supp. 29 make it clear that the Legislature did intend to make section 314 applicable to exhibitions on stage whether “model artist” exhibits or some other kind. If Penal Code section 290 cannot be constitutionally applied to “artists” performing on “a stage,” the remedy comes through an attack on the requirement of registration, not by finding defendants not guilty of indecent exposure.
Insofar as registration as a sexual offender is made a condition of probation, that condition is stricken.[2] Otherwise, the orders granting probation are affirmed.
Vasey, J., and Wong, J., concurred.

We are here passing only upon dances performed on a stage or raised platform. We are not required to and do not consider movements among and possibly touching patrons and their drinks which might be conducted to music and hence claimed to be “dances.”

Nothing herein relieves the defendants from registering. If Penal Code section 290 can constitutionally apply to persons in the classification of defendants, it still applies, notwithstanding the striking of this term of probation. We recognize, however, that terms of probation may, in a proper case, require the waiver of constitutional rights. (People v. Osslo (1958) 50 Cal.2d 75 [323 P.2d 397]; People v. Fitzpatrick (1970) 3 Cal.App.3d 824, 827 [84 Cal.Rptr. 78].) We do not feel that the trial judge intended to do more than to fix a time for compliance with section 290, or if he did, he should not have made it impossible for defendants to challenge section 290 without violating probation.