Opinion
WHYTE, P. J.
Appellant states 21 grounds for appeal, many of which are overlapping and some (e.g., V, VI, XVIII, XX, and XXI) so vague and general as to be useless in pointing out specific grounds for reversal. In his brief he gets down to three which we may summarize as follows: (1) The book “Suite 69” is not obscene; (2) The prosecution failed to present any evidence that the book is utterly without redeeming social importance, *Supp. 12 whereas, defendant presented expert testimony that it did have some social importance; (3) That the trial court applied the wrong “community standard.”
We will discuss these issues in reverse. As to community standard, appellant contends the only proper community is the nation. For this he relies upon Jacobellis v. Ohio (1964) 378 U.S. 184 [12 L.Ed.2d 793, 84 S.Ct. 1676]. The case does not so hold. Only two justices, Brennan and Goldberg, joined in the opinion requiring a national standard. Two others, Chief Justice Warren and Justice Clark, expressly repudiate the idea of a national standard and Justice Harlan’s position that a state has greater latitude in determining what may be banned on the score of obscenity than is so with the Federal government seems meaningless if the standard to be applied is a national one. The other four justices expressed no opinion one way or the other on the question of a national standard.[1] While the Supreme Court of California in In re Giannini (1968) 69 Cal.2d 563 [72 Cal.Rptr. 655, 466 P.2d 535], may have left the question open as to books and motion pictures, its holding that the standard is the state has been applied to movies[2] by the Court of Appeal in Monica Theater v. Municipal Court[3] (1970) 9 Cal.App.3d 1 [88 Cal.Rptr. 71] and by this court in People v. Cimber (1969) Crim. A. No. 8531.[4] As we feel that the arguments against a nation-wide standard outweigh those in favor, we adhere to our prior ruling. We feel the state-wide standard applies to all forms of alleged obscenity.
Defendant also attacks the standard applied on the ground that the appeal must be to the prurient interests of its proposed audience, to-wit, consenting adults. This contention is answered against his position in People v. Luros (1971) 4 Cal.3d 84 [92 Cal.Rptr. 833, 480 P.2d 633].
Appellant’s second point is that the People introduced no evidence to meet his expert’s opinion that the book had social importance. The People counter this by claiming that the jury was not required to accept this opinion but could reject the expert’s testimony and hence defendant had *Supp. 13 not met his burden under People v. Newton (1970) 9 Cal.App.3d Supp. 24 [88 Cal.Rptr. 343]. The People misconceive our holding in Newton.
All we held in that case was that once the People had presented proof of appeal to prurient interest and overstepping the customary limits of candor, the burden of going forward with some evidence on the issue of redeeming social value was on the defendant. The reason for this rule is that where prurient interest is predominant and the customary limits of candor are exceeded, it is difficult to conceive wherein social value might lie. Rather than require the People to start in this void, the defendant must make the start by producing some evidence of social value.[5] Only then do the People know in what area they must proceed. But, as in all cases where only the burden of going forward is placed upon a party once he has done so by producing some evidence, there can be no weighing process until the party having the burden of persuasion has produced something on his own behalf to be weighed. It is then not enough for the party having, the burden of persuasion to simply destroy his adversary’s evidence for that would only again balance the scales, whereas, the person having the burden of persuasion must tip them. (People v. Holden* (1972) Crim. A. No. 10754.)
However, while it is true the People introduced no expert evidence on this point, that does not settle the issue. While reversing the state court’s holding that “John Cleland’s Memoirs of a Woman of Pleasure” was obscene, the Supreme Court of the United States said: “It does not necessarily follow from this reversal that a determination that Memoirs is obscene in the constitutional sense would be improper under all circumstances. On the premise, which we have no occasion to assess, that Memoirs has the requisite prurient appeal and is patently offensive, but has only a minimum of social value, the circumstances of production, sale, and publicity are relevant in determining whether or not the publication or distribution of the book is constitutionally protected. Evidence that the book was commercially exploited for the sake of prurient appeal, to the exclusion of all other values, might justify the conclusion that the book was utterly without redeeming social importance. It is not that in such a setting the social value test is relaxed so as to dispense with the requirement that a book be utterly devoid of social *Supp. 14 value, but rather that, as we elaborate in Ginsburg v. United States, 383 U.S. 463, 470-473, 16 L.Ed.2d 31, 37-40, 86 S.Ct. 942, where the purvey- or’s sole emphasis is on the sexually provocative aspects of his publications, a court could accept his evaluation at its face value.” (A Book v. Attorney General (1966) 383 U.S. 413, 420 [16 L.Ed.2d 1, 6, 86 S.Ct. 975].)
Is this statement good law in California? Relying upon People v. Noroff (1967) 67 Cal.2d 791 [63 Cal.Rptr. 575, 433 P.2d 479], and People v. Rosakos (1968) 268 Cal.App.2d 497 [74 Cal.Rptr. 34], appellant contends that it is not. We do not feel these opinions require such a holding. In both of these cases the reviewing court upon its own examination of the alleged obscene material held that as a matter of law applying contemporary community standards, the dominant theme of the material taken as a whole did not appeal to prurient interest. Where the material is so found to lack one of the elements of obscenity as set forth in Roth v. United States (1957) 354 U.S. 476 [1 L.Ed.2d 1498, 77 S.Ct. 1304], each court held that this element could not be supplied by pandering. “The seller’s statement certainly cannot make that which is not obscene, obscene” (People v. Rosakos, at p. 500). It is in this light that the court’s statement in Noroff that “the State Legislature has created no such crime [pandering]” must be viewed (see fn. 3, 67 Cal.2d 791, at p. 793).
But supplying an element missing as a matter of law is one thing. The problem of what type of evidence may be used to prove a required element in a doubtful case is another. Here, there is no contention that the People can prevail without carrying their burden of persuasion on the issue of “no redeeming social value.” The jury was adequately instructed on this requirement (plaintiff’s instructions 7, 7a and defendant’s instructions 23 and 24). We feel that what A Book is saying is only that evidence that the book was commercially exploited for the sake of prurient appeal to the exclusion of all other values may be deemed an admission by the defendant that the book is devoid of redeeming social value. Like any other admission by a defendant, it may be received in evidence and may support a finding to the same effect. It is to be remembered that in In re Giannini (supra, fn. 5) the California Supreme Court recognized that there was a distinction between the type of evidence required to prove the elements of “appeal to prurient interest”, and “exceeding the customary limits of candor in the community” and that required on the issue of “redeeming social value.”[6] Even if Noroff and Rosakos are deemed authority for the proposition that pandering can never be used on the question of appeal to prurient interest, that fact does not preclude following A Book v. Attorney General on the issue of redeem *Supp. 15 ing social value. The California Legislature by adopting Penal Code section 311, subdivision (a)(2), which reads as follows: “In prosecutions under this chapter, where circumstances of production, presentation, sale, dissemination, distribution, or publicity indicate that matter is being commercially exploited by the defendant for the sake of its prurient appeal, such evidence .is probative with respect to the nature of the matter and can justify the conclusion that the matter is utterly without redeeming social importance” simply made it clear that the rule announced by the United States Supreme Court in A Book applies in California. As there was, in our opinion, m holding to the contrary in this state, the law is not ex post facto as to sales made before its adoption.
In light of the evidence of the circumstances surrounding the sale and the advertising found following the end of the “story” at page 180 in the book itself, and remembering the right of the jury to disregard expert opinion if the jurors find it to be unreasonable (Pen. Code, § 1127b), we feel the jury was amply justified in this case in finding that the state, had sustained its burden of proving that the material was utterly lacking in social importance. Making our own independent examination of the record as required by Zeitlin v. Arnebergh (1963) 59 Cal.2d 901 [31 Cal.Rptr. 800, 383 P.2d 152, 10 A.L.R.3d 707], we make the same finding.
Relying on cases like People v. St. Martin (1970) 1 Cal.3d 524 [83 Cal.Rptr. 166, 463 P.2d 390], appellant contends that as the jury was not instructed on pandering that concept cannot be considered in support of their verdict. People v. St. Martin involved a failure to instruct on a possible defense (involving reduction of degree). No such omission is involved herein. As pointed out above, the jury was properly instructed as to the required element of obscenity that the material be utterly without redeeming social value. They were also properly instructed on circumstantial evidence. Beyond this, we know of no requirement that the trial court must sua sponte instruct on what evidence may be considered to prove a particular issue.
We come now to the contention that the book “Suite 69” is not obscene. Part of appellant’s argument boils down to a contention that no book can ever be considered obscene. This cannot be true in California, for if it were, cases like People v. Luros, supra, 4 Cal.3d 84 and People v. Chapman (1971) 17 Cal.App.3d 865 [95 Cal.Rptr. 242] would be meaningless. Hence, a line must be drawn somewhere. Where a sufficient foundation for its introduction has been laid, comparable matter held not obscene by the Supreme Court of the United States or of this state may be helpful in drawing this line; but, unless the comparable material equals or exceeds the subject book on all three elements of obscenity, to-wit: appeal to prurient interest; excess over accepted standards; and lack of evidence *Supp. 16 of redeeming social importance, such comparable material does not require a finding of non-obscenity as a matter of law. Having examined the subject book in comparison with defendant’s chief alleged comparable book “Adam and Eve,” we feel there are sufficient distinctions so that even if the latter is not obscene as a matter of law, such fact does not require such a finding as to the subject book.
The jury impliedly found the subject book went beyond the permissible limits. Upon our independent review we agree with the People’s experts. “Suite 69” appeals to a prurient interest in sex and is beyond the customary limits of candor within the State of California. We also find, as did the jury, that there is no redeeming social importance.
Judgment affirmed.
Katz, J., and Wong, J., concurred.

However, Justice White appears to take a position similar to that of Justice Harlan in the last paragraph of his dissenting opinion in: A Book v. Attorney General, infra (1966) 383 U.S. 413 [16 L.Ed.2d 1, 86 S.Ct. 975],

Jacobellis v. Ohio involved a motion picture and the appellant herein apparently concedes that the standard should be the same whether a book or a motion picture is involved.

See footnote 4, 9 Cal.App.3d 1 at page 6, and dissenting opinion of Justice Aiso at page 21.

Hearing by Court of Appeal denied November 4, 1969 and again on November 26, 1969. (This opinion was not certified for publication.)

The Supreme Court appears to have tacitly adopted this position in In re Giannini (1968) 69 Cal.2d 563 [72 Cal.Rptr. 655, 446 P.2d 535]. The opinion refers to no evidence of the question of redeeming social value produced by either party in the trial court. In footnote 5 on page 573 the court says: “Petitioners do not so much as claim that their convictions should be set aside on the ground of the ‘redeeming social value’ of Iser’s dance. Thus we do not reach the problem of whether the dance was ‘utterly without redeeming social value. . . .’”

This opinion was not certified for publication.

Expert testimony was held necessary to establish the former two elements but not the latter.