Thomas W. PARKS, Appellant,

v.

UNITED STATES, Appellee.

Nick SAMPONGA, Appellant,

v.

UNITED STATES, Appellee.

Nos. 6238, 6239.

District of Columbia Court of Appeals.

Argued July 12, 1972.

Decided Sept. 11, 1972.

Robert Eugene Smith, Towson, Md., of the bar of the State of Maryland, pro hac vice, by special leave of court, with whom Kenneth D. Wood, Gaithersburg, Md., was on brief, for appellants.

John J. Mulrooney, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Richard L. Beizer, Asst. U. S. Attys., were on brief, for appellee.

Before KELLY, FICKLING and YEAGLEY, Associate Judges.

FICKLING, Associate Judge:

These cases present an important question concerning the proper procedure to be followed by the trial court when confronted with "hard-core pornography" as defined in Morris v. United States, D.C.App., 259 A.2d 337 (1969). We reverse and remand for failure to follow the proper procedure.

Appellants were charged with selling two allegedly obscene 8 millimeter films in violation of D.C.Code 1967, § 22–2001 (a)(1)(A) (Supp. V, 1972). The only

evidence introduced by the Government at trial was the films along with testimony concerning the circumstances of their purchase. At the close of the Government's case-in-chief, the trial court, sitting without a jury, found the films obscene per se under the standard announced in *Morris*. The appellants then presented three expert witnesses who testified that the films did not appeal to a prurient interest in sex, did not violate national community standards relating to the representation of sexual matters, and were not utterly without redeeming social value.[1] The Government introduced no countervailing evidence on any of these points. The trial judge found that these experts were "an impressive group" and that their testimony "was persuasive with [him]." However, he misinterpreted our holding in *Morris* as being one which relieved the Government of its burden of proving a violation of national community standards once the judge has ruled the film obscene per se, *even if the defense introduces countervailing expert testimony.*[2]

In *Morris,* a case involving a live stage performance, we adopted the definition of "hard-core pornography" or "obscenity per se" used by Maryland courts,[3] and held as follows:

> [W]here the trial judge makes the finding as a matter of law that the material or performance in question is obscene per se, the Government need not proffer any evidence of national community standards.

> .    .    .    .    .    .

. . . In other words, if reasonable men could not differ and they could come to but one conclusion, *i. e.,* that the material or performance is sexually morbid, grossly perverse, and bizarre, without any artistic or scientific purpose or justification, then the Government *on its case-in-chief* need not offer any evidence of national community standards. [*Morris, supra,* 259 A.2d at 340–341.] (Emphasis added; footnote omitted.)

■ Significantly, the defense offered no evidence in *Morris*. The cases since *Morris,* in which the obscenity per se standard has been approved, have likewise involved situations where the defense offered no countervailing evidence. Wilhoit v. United States, D.C.App., 279 A.2d 505 (1971); Kaplan v. United States, D.C. App., 277 A.2d 477, 479 (1971).

In the case at bar, the trial judge apparently confused the burden of proof with the burden of going forward. *Morris* holds that, after viewing the material, a trial judge may rule, based on the "autoptic" evidence,[4] that a reasonable person could only conclude that the material affronts contemporary community standards[5] relating to the description or representation of sexual matters, *i. e.,* the material is obscene per se. This holding relieves the Government of the burden of going forward to prove by other evidence that the material affronts contemporary community standards, and transfers to the defense the burden of going forward on this element of the *Roth-Memoirs* obscenity test. Where, as in this case, rebutting evidence

1. These are the three elements of the *Roth-Memoirs* test of obscenity enumerated by the Supreme Court. A Book Named "John Cleland's Memoirs etc. v. Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966); Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957).

2. "If it's obscene, you've got to prove it with expert testimony; if you and I both label it as obscene per se, you don't have to—our subjective viewpoint is enough." [Tr. at 86.]

3. Donnenberg v. State, 1 Md.App. 591, 600, 232 A.2d 264, 269 (1967).

4. 4 J. Wigmore, Evidence § 1150 (3d ed. 1940). McCormick uses the term "demonstrative evidence." C. McCormick, Evidence § 179 (1954).

5. We have held in Hudson v. United States, D.C.App., 234 A.2d 903, 905 (1967), that "contemporary community standards" refers to a national community standard.

has been introduced by the defendant, a ruling of obscenity per se does not relieve the Government of its burden of going forward nor of its burden of proof beyond a reasonable doubt on all elements of the obscenity test.

In other words, if the trial judge finds that the material is obscene per se on the Government's case-in-chief, the burden of going forward shifts to the defense. If the defense introduces no evidence, then, as in *Morris,* the Government prevails. However, if the defense introduces some evidence that the material does not violate contemporary national community standards, the finding of obscenity per se evaporates, much as a rebuttable presumption does, and the burden of proceeding shifts back to the Government to prove beyond a reasonable doubt a violation of contemporary national community standards.

[A]s in all cases where only the burden of going forward is placed upon a party once he has done so by producing some evidence, there can be no weighing process until the party having the burden of persuasion has produced something on his own behalf to be weighed. It is then not enough for the party having the burden of persuasion to simply destroy his adversary's evidence for that would only again balance the scales, whereas, the person having the burden of persuasion must tip them. . . . [People v. Kaplan, 23 Cal.App.3d Supp. 9, 100 Cal. Rptr. 372, 374 (App. Dep't L.A. County Super. Ct., 1972) (obscene per se book).]

Thus, the trial judge erroneously ruled that the "door [was not] open for [appellants] to rely upon [the experts'] testimony."

■■■ Once the burden of proceeding has shifted back to the Government and the Government introduces evidence on the

---

6. It should be noted that the Supreme Court has stated that the *Roth-Memoirs* test of obscenity is "a not dissimilar standard" from the definition of hard-

contemporary national community standards, it is for the trier of fact to weigh the conflicting evidence.[6] The decision is, of course, subject to our independent review on appeal. Jacobellis v. Ohio, 378 U.S. 184, 190, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964).

In the case at bar, the appellants clearly met their burden of going forward. However, the trial judge refused to consider their evidence and the Government introduced no countervailing evidence. There must be a new trial.

Reversed and remanded for a new trial.

core pornography. Redrup v. New York, 386 U.S. 767, 770, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967).