Burke, J.
Defendants, in a consolidated appeal from unanimously affirmed convictions of violations of section 1141 of the Penal Law, contend, inter alia, that the statute is violative of the Constitution of the United States in that it does not expressly require scienter. We do not agree.
Section 1141 provides in part that “A person who sells * * * or has in his possession with intent to sell * * * any obscene * * * book # * * [i]s guilty of a misdemeanor”. It is our- firm opinion, on this our first opportunity to construe the statute, in this respect, that the definition of the crime is instinct with the idea of scienter.
In Smith v. California (361 U. S. 147), the United States Supreme Court declared unconstitutional a Los Angeles City ordinance which proscribed, and was construed to impose strict liability for, mere possession of obscene prints, regardless of the offender’s awareness of the contents. The New York proscription, on the other hand, neither expressly, nor by our construction here, dispenses with this vital element of scienter, and, therefore, in no way impinges upon the traditional freedom guarantees of speech and the press (Roth v. United States, 354 U. S. 476).
Although our statute might possibly be interpreted to exclude scienter, we feel, inter alia, guided by the strong constitutional presumption attending legislative enactments (Wiggins v. Town of Somers, 4 N Y 2d 215, 218; Lincoln Bldg. Associates v. Barr, 1 N Y 2d 413, 415) that the statute was not intended to unreasonably restrict or inhibit our inalienable “liberty” protected *345 by due process (see Smith v. California, supra). A reading of the statute as a whole clearly indicates that only those who are in some manner aware of the character of the material they attempt to distribute should be punished. It is not innocent but calculated purveyance of filth which is exorcised, and a mere omission of the word “ scienter ” need not be construed as an attempt to eliminate that common-law element of the crime. (See Morissette v. United States, 342 U. S. 246; People v. Katz, 290 N. Y. 361.)
In any event, the statute is at least susceptible of either interpretation, and we are, therefore, clearly obliged by statute and decisional law to embrace that which will preserve its validity. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150; Matter of Coates, 9 N Y 2d 242; Matthews v. Matthews, 240 N. Y. 28, 34—35; Dollar Co. v. Canadian Car & Foundry Co., 220 N. Y. 270, 275; Matter of Lyons v. Goldstein, 290 N. Y. 19, 23; People ex rel. Morriale v. Branham, 291 N. Y. 312, 317.) “ No statute should be declared unconstitutional if by any reasonable construction it can be given a meaning in harmony with the fundamental law.” (People ex rel. Simpson v. Wells, 181 N. Y. 252, 257; Kauffman & Sons Saddlery Co. v. Miller, 298 N. Y. 38, 44.) A conviction, therefore, cannot be upheld without proof of the element in question which we find required by section 1141. Such a holding is not extraordinary. The United States Supreme Court has pointed out that it has affirmed “ a conviction under the stated limitation of meaning ”. (Winters v. New York, 333 U. S. 507, 510.) In the view of that court: ‘ ‘ The interpretation by the Court of Appeals puts these words in the statute as definitely as if it had been so amended by the legislature.” (Winters v. New York, supra, p. 514; emphasis supplied.)
At the time of the prosecution of the violations herein, the prevailing precedent (People v. Shapiro, 6 A D 2d 271 [2d Dept.]), however, since soundly repudiated (People v. Richmond County News, 11 A D 2d 799 [2d Dept.]; see, also, People v. Douglas, 12 A D 2d 194; People v. Schenkman, 12 A D 2d 457), declared that scienter was not an element of the crime. Defendants, perhaps believing because of Shapiro that their knowledge was irrelevant, did not take the stand or offer proof in this regard. Although they can be charged “with knowledge of *346 the scope of subsequent interpretation ” (Winters v. New York, supra, p. 514), we still feel that new trials are warranted by the circumstances and in the interests of justice, so that, although the People have the burden of proof, defendants may have an opportunity to testify or offer proof, if they desire, in regard to the presence of salacious literature in their possession for sale. However, we find it unnecessary to dismiss the informations which are phrased in statutory language. They are sufficient, especially in light of this our initial interpretation of section 1141, to apprise the defendants of the true nature of the crime.
Accordingly, the judgments should be reversed and new trials ordered.