Jacob KRAMER, Appellant,

v.

UNITED STATES, Appellee.

Ray F. SAMUELS, Jr., Appellant,

v.

UNITED STATES, Appellee.

Nos. 6156 & 6157.

District of Columbia Court of Appeals.

Argued March 14, 1972.

Decided July 11, 1972.

Kenneth D. Wood, Gaithersburg, Md., for appellants.

Thomas H. Queen, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Richard L. Beizer, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, PAIR and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

The appellants were charged in separate informations on July 28, 1971, with selling obscene material in violation of D.C.Code 1967, § 22–2001(a) (1) (A) (Supp. IV, 1971).[1] Trial was held to the court sitting without a jury on October 12, 1971, and both appellants were found guilty as charged. These appeals followed, and by order of this court they were consolidated for all purposes.

The issues presented are: (1) whether the evidence was sufficient to establish that appellant Kramer was the owner or operator of the store where Officer Hampton purchased the obscene film; and (2) whether the evidence was sufficient to establish that appellant Samuels knowingly sold an obscene film.

The Government introduced the film into evidence and the court found it to be obscene per se. The question of its obscenity is not in issue on this appeal.

As to appellant Kramer, the Government introduced into evidence without objection a copy of an "Application for Certificate of Occupancy—Commercial" dated June 24, 1971. The application listed Jacob Kramer as "owner of business" but was signed by Mike Casey as authorized agent for owner. On the same day a "Certificate of Occupancy" was issued by the Bureau of Licenses and Inspections of the government of the District of Columbia to Jacob Kramer for the purpose of operating a retail bookstore at 918 14th Street, N.W. Officer Hampton testified that he had known Kramer for a number of years and that within the period of six or eight months before he bought the film in question, Kramer told him that he still had the store on 14th Street and had opened one at 822 F Street N.W.

Hampton testified on cross-examination that on the day of the adversary hearing which was July 28, Mr. Kramer told him that July 9, the date the film was purchased, was the first day of Mr. Samuels' employment. This hearsay was admitted without objection.

As to appellant Samuels and the sale of the film, Officer Hampton testified that after he entered the store[2] on July 9, 1971, he saw various magazine covers which depicted nudes and semi-nudes apparently "about to engage in sexual conduct". He also saw some boxes of film on a shelf with similar photographs of nudes on the top side of each box. He said he asked Mr. Samuels which film was the best. Appellant Samuels pointed out a box marked "A–10" which had a photograph of "two females or male and female". Hampton testified that

1. D.C.Code 1967, § 22–2001(a) (1) (A) (Supp. IV, 1971) in pertinent part provides:
   (a) (1) It shall be unlawful in the District of Columbia for a person knowingly—
   (A) to sell, deliver, distribute, or provide, or offer or agree to sell, deliver, distribute, or provide any obscene, indecent, or filthy writing, picture, sound recording, or other article or representation . . . .

2. Government's exhibit No. 1, a color photograph of the store front reflects that in addition to signs advertising books, magazines and movies, there also is a sign above the entrance to the store which reads, "YOU MUST BE 21 YRS OLD TO ENTER this STORE". The latter sign no doubt is an effort to conform with D.C.Code 1967, § 22–2001(b) (1) (A) and (B) (Supp. IV, 1971), which prohibits the sale or distribution to minors of material depicting nudity, sexual conduct, or sado-masochistic abuse and which taken as a whole is patently offensive because it affronts prevailing standards in the adult community as a whole with respect to what is suitable material for minors.

when he asked about another film, Samuels pointed back to the box marked "A–10" "and told me that was the better film". Neither Kramer nor Samuels testified and the testimony of Officer Hampton was uncontroverted.

We cannot say that the evidence concerning appellant Samuels was insufficient to support his conviction. It is not required by the Code that the Government prove that the salesman had actual knowledge[3] of the contents of the particular film sold nor does the Supreme Court hold it is required by the Constitution. In Smith v. People, 361 U.S. 147, 154, 80 S.Ct. 215, 219, 4 L.Ed.2d 205 (1959), the Supreme Court in holding that an ordinance may not dispense with a requirement of scienter said:

> Eyewitness testimony of a bookseller's perusal of a book hardly need be a necessary element in proving his awareness of its contents. The circumstances may warrant the inference that he was aware of what a book contained, despite his denial.

And in Ginsberg v. New York, 390 U.S. 629, 644, 88 S.Ct. 1274, 1283, 20 L.Ed.2d 195 (1968), the Court quoted with apparent approval the following from an earlier New York Court of Appeals case[4] which defined the requirement of scienter as meaning ". . . that only those who are *in some manner aware of the character of the material* they attempt to distribute should be punished. It is not innocent but *calculated* purveyance of filth which is exorcised. . . ."

We do not presume that even a new salesman is completely unfamiliar with the goods he is hired to sell in an adult book and magazine store. The officer's testimony regarding the nature of poses of nudes in the pictures readily visible on the magazine and box covers would be sufficient to indicate to a customer or a salesman the nature of the merchandise offered for sale. It is sufficient if the accused had such knowledge of the material that he should have suspected its sale might violate the law and inspected or inquired further as to its character and content. Morris v. United States, D.C.App., 259 A.2d 337 (1969). The evidence here is more than sufficient to support a finding that appellant Samuels had such knowledge, and that he was (as required in People v. Finkelstein, 9 N.Y.2d 342, 214 N.Y.S.2d 363, 174 N.E.2d 470 (1961), cert. denied, 371 U.S. 863, 83 S.Ct. 116, 9 L.Ed.2d 100 (1962)) "in some manner aware of the character" of the film he was selling. Indeed, Samuels in effect indicated he had actual knowledge of the nature of the particular merchandise in issue here when he recommended it to the officer and told him it was the better film.

Viewing the evidence as to appellant Kramer in the light most favorable to the Government, as we must do,[5] we cannot say that it is insufficient to support a judgment of conviction. The application for a certificate of occupancy and the certificate itself issued by the government of the District of Columbia to appellant Kramer, both introduced without objection, are certainly at least some evidence that Kramer was the proprietor of the bookstore in question. There also is the testimony of Officer Hampton that at the adversary hearing Kramer told him that July 9 was the first day of employment of Samuels at the store.

---

3. D.C.Code 1967, § 22–2001(a) (2) (B) (Supp. IV, 1971) provides:
   (B) For purposes of paragraph (1) of this subsection, the term "knowingly" means having general knowledge of, or reason to know, or a belief or ground for belief which warrants further inspection or inquiry of, the character and content of any article, thing, device, performance, or representation described in paragraph (1) of this subsection which is reasonably susceptible of examination.

4. People v. Finkelstein, 9 N.Y.2d 342, 214 N.Y.S.2d 363, 174 N.E.2d 470 (1961), cert. denied, 371 U.S. 863, 83 S.Ct. 116, 9 L.Ed.2d 100 (1962).

5. Crawford v. United States, 126 U.S.App. D.C. 156, 375 F.2d 332 (1967).

This, likewise, would indicate some knowledge on the part of Kramer regarding the operation of the store. Officer Hampton also testified that Kramer within the last six to eight months had told him that he owned two bookstores, one at 822 F Street and one on 14th Street.

Appellant Kramer points out that the officer must be in error since the "Certificate of Occupancy" issued only two or three weeks before the purchase was made. However, that does not necessarily mean that Kramer was not the owner of the business prior to that time. We note the application states under previous use "Retail News Stand and Book Store" and that such licenses must be renewed annually.[6]

Upon the evidence presented, a reasonable man could fairly conclude that the defendants were guilty beyond a reasonable doubt as charged. We cannot say that the judgment is plainly wrong or without evidence to support it.[7] Accordingly, we hold that the trial judge applied the proper standards in denying appellants' motions for judgment of acquittal. The judgment of conviction in each case is

Affirmed.

---

6. D.C.Code 1967, § 47–2305.

7. D.C.Code 1967, § 17–305(a) (Supp. IV, 1971).