517 P.2d 1103

**STATE of Arizona, Appellee,**

**v.**

**Larche DUNN, Appellant.**

**No. 1 CA–CR 555.**

Court of Appeals of Arizona,
Division 1,
Department A.

Jan. 8, 1974.

Rehearing Denied Feb. 6, 1974.

Review Denied March 12, 1974.

Joe R. Purcell, City Atty., of Phoenix, by Christina J. Peterson, and Joseph A. Tvedt, Jr., Asst. City Attys., for appellee.

Henry L. Zalut, Phoenix, for appellant.

## OPINION

STEVENS, Judge.

This case involves the questions of whether the use of the "short-form" complaint in a post-arrest situation is proper, and whether a trial de novo in Superior Court in a matter initially heard in Phoenix City Court constitutes an "appeal" as authorized by Art. 2, § 24, A.R.S. of the Arizona Constitution.

The defendant was arrested for driving while intoxicated in the early morning hours of 6 June 1971. He was taken to the city jail, booked, fingerprinted, photographed, and jailed until he arranged for a bond. The bond was posted and he was released later in the same day, 6 June 1971. The defendant was tried and convicted in Phoenix City Court. He filed an appeal with the Superior Court and received a trial de novo. He was again convicted. From the Superior Court judgment the defendant appeals.

The defendant contends that the "short-form" traffic complaint completed after his arrest was improper in that it was not sworn to under oath before a magistrate. This question has been resolved by the Arizona Supreme Court in the case of State ex rel. Purcell v. Superior Court In And For Maricopa County, 109 Ariz. 460, 511 P.2d 642 (1973):

"[T]he traffic complaint is a post-arrest complaint and is not a matter of substantive constitutional law.. We think it is

 

merely a matter of procedural law and is not of constitutional stature."

In that same opinion, the Supreme Court notes that under A.R.S. § 13–1418.01(B), the officer's certification of the complaint is done under penalty of perjury. The deterrent effect on the affiant is thus the same on a certified "short-form" complaint as on a sworn long-form complaint. We cannot sustain the defendant's first contention.[1]

**■** The defendant next contends that a trial de novo provided by A.R.S. § 22–374(A) does not satisfy the guarantee of an appeal provided in Arizona Constitution Art. 2, § 24. We cannot agree. In Burris v. Davis, 46 Ariz. 127, 46 P.2d 1084 (1935), the Court held that, despite the defendant's guilty plea in Justice Court, he was entitled to an appeal to Superior Court, and that the case should be heard on both the law and facts as if it had originated in Superior Court, (46 Ariz. at 131, 132, 46 P.2d at 1086). The Court felt this appeal was necessary specifically to fulfill the guarantees of Art. 2, § 24 of the Arizona Constitution (46 Ariz. at 132, 46 P.2d at 1086). The rationale and holding of the case have subsequently been expressly approved by the Court. Duncan v. Mack, 59 Ariz. 36, 40, 122 P.2d 215 (1942); Horne v. Superior Court, 89 Ariz. 289, 292, 293, 361 P.2d 547 (1961). The defendant complains that A.R.S. § 22–375 prevents an appeal from errors made by the Superior Court judge in hearing his appeal from Phoenix City Court. The defendant is

seeking the right to a second appeal of unrestricted scope for which we find no justification, constitutional or otherwise.

The judgment of the Superior Court should be and is affirmed.

DONOFRIO, P. J., and OGG, J., concur.

---

1. We mention this issue to reemphasize the Arizona Supreme Court's holding in State ex rel. Purcell v. Superior Court In And For Maricopa County, supra. We have no authority to disturb the Superior Court's judgment on this issue. A.R.S. § 22–375 provides:

   "§ 22–375. Limitation of appeal from superior court in action appealed from inferior court

   "A. An appeal may be taken by the defendant from a final judgment of the superior court in an action appealed from a justice of the peace or police court, *if the*

*action involves the validity of a tax, impost, assessment, toll, municipal fine or statute.* "B. Except as provided in this section, there shall be no appeal from the judgment of the superior court given in an action appealed from a justice of the peace or a police court." (Emphasis added)

In the briefs and oral arguments, counsel was unable to bring the question of sufficiency of the complaint within this section. Consequently, it may not be the basis of any action by this Court.