559 P.2d 209
**The STATE of Arizona, Appellee,**

v.

**Kenji YABE, Appellant.**

**No. 1 CA–CR 1822.**

Court of Appeals of Arizona,
Division 1,
Department A.

Jan. 6, 1977.

Andy Baumert, Phoenix City Atty., by William S. Chick, Asst. City Prosecutor, Phoenix, for appellee.

Marvin W. Manross, Phoenix, for appellant.

## OPINION

OGG, Judge.

In this appeal we are called upon to determine the constitutionality of the scienter requirement of ARS § 13–532 which prohibits the knowing publication, sale or distribution of obscene materials.

Appellant/defendant Kenji Yabe was found guilty in Phoenix City Court of selling an obscene item in violation of ARS § 13–532, following a jury trial in August, 1975. Yabe appealed and was again found guilty of the charge following a trial de novo in superior court. Following a judgment of conviction and sentence Yabe brought the instant appeal.

Prior to the second trial Yabe filed an extensive written motion to dismiss the charge on the ground that the scienter element of ARS § 13–532 was unconstitutional as it imposed self-censorship requirements and prior restraints on first amendment rights. The trial court denied the motion on August 26, 1975, immediately prior to trial. This appeal is essentially a review of the trial court's denial of Yabe's motion to dismiss.

■ We have jurisdiction to hear this appeal on the authority of ARS § 22–375, which provides:

A. An appeal may be taken by the defendant from a final judgment of the superior court in an action appealed from a justice of the peace or police court, if the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute.

B. Except as provided in this section, there shall be no appeal from the judgment of the superior court given in an action appealed from a justice of the peace or a police court.

The constitutionality of ARS § 13–532 being under attack, the instant appeal is properly before us on that limited issue. If the statute is facially constitutional our inquiry is at an end, as we are without jurisdiction to review any alleged unconstitutional application of the statute. *State v. Anderson*, 9 Ariz.App. 42, 449 P.2d 59 (1969).

Yabe's first contention is that the scienter element of ARS § 13–532 is unconstitutional as it imposes self-censorship and prior restraint on first amendment rights. ARS § 13–532 provides in part:

A. A person is guilty of a crime who, knowingly:

1. Prints, copies, manufactures, prepares, produces, or reproduces an obscene item for purposes of sale or commercial distribution.

2. Publishes, sells, rents, lends, transports in intrastate commerce, or commercially distributes or exhibits any obscene item, or offers to do any such things.

3. Has in his possession with intent to sell, rent, lend, transport, or commercially distribute any obscene item.

The term "knowingly" for purposes of this statute is defined in ARS § 13–531.-01(4):

4. 'Knowingly' means having general knowledge of, or reason to know, or a belief or ground for belief which warrants further inspection or inquiry of: (a) The character and content of any material described in this article, which is reasonably susceptible of examination by the defendant, and, if relevant to a prosecution for violation of § 13–536, (b) The age of the minor, provided that an honest mistake shall constitute an excuse from liability under this article if the defendant made a reasonable bona fide attempt to ascertain the true age of such minor.

Yabe argues that the statutory definition of "knowingly" in § 13–531.01(4) renders § 13–532 constitutionally infirm as it effectively dispenses with any meaningful significance to the constitutional requirements of scienter and requires booksellers, under peril of criminal prosecution, to inspect and censor materials they offer for sale. His argument suggests that for § 13–531.01(4) to pass constitutional muster the phrases "or reason to know or a belief or ground for belief which warrants further inspection or inquiry of" would have to read out of the statute.

■ There exists a presumption in favor of the constitutional validity of a legislative enactment and the burden rests on one challenging the validity of a statute to establish that it infringes upon some constitutional guarantee or violates some constitutional principle. *State v. Sanner Contracting Co.*, 109 Ariz. 522, 514 P.2d 443 (1973).

In construing the challenged statute we are to give fair import to its terms in order to effect its object and to promote justice ARS § 1–211(C).

In *Smith v. California*, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959), the United States Supreme Court held that scienter was a necessary element of the criminal offense of possession or distribution of obscene materials. The Court held that a statute proscribing punishment for such conduct could not eliminate altogether the scienter requirement and in order for the statute to be constitutionally applied it must be shown that a bookseller charged with the offense had "[K]nowledge of the contents of the book . . ." *Id.* at 153, 80 S.Ct. at 218, 4 L.Ed.2d at 211.

■ It is not seriously contended by Yabe that § 13–532 is constitutionally defective under *Smith v. California*. Section 13–532 specifically requires proof of scienter in criminal obscenity prosecutions by defining the crime in the terms of "*knowing* publication or sale." Furthermore, a scienter requirement was judicially read into the statutory predecessor of § 13–532 by the Arizona Supreme Court in *State v. Locks*, 91 Ariz. 394, 372 P.2d 724 (1962), which held that scienter was a requisite element of a criminal prosecution for sale of obscene materials and that "knowingly" meant "[K]nowledge of the obscene nature of the materials involved." *Id.* at 397, 372 P.2d at 726.

■ Yabe does allege, however, that the definition of "knowingly" contained in § 13–531.01(4) renders § 13–532 unconstitutional since it in effect imposes absolute liability on a purveyor of obscene materials by rendering honest ignorance of the contents of the materials irrelevant. Yabe contends that the practical effect of the statute is to allow a jury to find a defendant guilty simply if the jury believes that he should have engaged in self-censorship.

Our interpretation of § 13–531.01(4) and § 13–532 does not reach this result and we find Yabe's contentions devoid of any legal or factual foundation. In *Ginsberg v. New*

*York,* 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968), the scienter requirement of a New York obscenity statute virtually indistinguishable from §§ 13–531.01(4) and 13–532 was upheld under *Smith v. California* by the United States Supreme Court. In upholding the statute the Court expressly refused to define what degree of mental element was necessary to satisfy the scienter requirement in obscenity violations, but by implication approved the language of the New York Court of Appeals in *People v. Finkelstein,* 9 N.Y.2d 342, 214 N.Y.S.2d 363, 174 N.E.2d 470 (1961), which previously construed a similar New York obscenity statute to prescribe criminal sanction against

> [O]nly those who are *in some manner aware of the character of the material* they attempt to distribute . . . It is not innocent but *calculated* purveyance of filth which is exorcised . . . 390 U.S. at 644, 88 S.Ct. at 1283, 20 L.Ed.2d at 206, quoting from 9 N.Y.2d at 344–345, 214 N.Y.S.2d at 364, 174 N.E.2d at 471. [Emphasis in original]

See also *Mishkin v. New York,* 383 U.S. 502, 86 S.Ct. 958, 16 L.Ed.2d 56 (1966); *Hamling v. United States,* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).

In our opinion, a careful reading of §§ 13–531.01(4) and 13–532 reveals a legislative intent to punish only those who were in some manner aware of the general nature and character of the materials they distributed. See *State v. Locks,* supra; 5 A.L.R.3d 1214 (1966). Compare *Mishkin v. New York,* supra; *Ginsberg v. New York,* supra; and *People v. Finkelstein,* supra. When a defendant is once put on general notice of the character of the publication, the statute places upon him the affirmative duty to inquire further. See *Huffman v. United States,* 152 U.S.App.D.C. 238, 470 F.2d 386 (1971), rev'd on other grounds, 163 U.S.App.D.C. 417, 502 F.2d 419 (1974). Furthermore, a defendant's knowledge or notice of the character of the contents of the obscene materials is sufficient to constitutionally satisfy criminal scienter requirements; his knowledge of the legal status of the materials being immaterial. See *Haml-*

*ing v. United States,* supra. The scienter element of ARS §§ 13–531.01(4) and 13–532 being so construed, we hold the statutes to be constitutional.

Yabe also contends that application of ARS § 22–375 unconstitutionally denies him an alleged constitutional right to effective appellate review. Authority for Yabe's contention lies with ARS Const. Art. 2, § 24, which provides a state constitutional right of appeal in criminal cases.

It is Yabe's contention that a trial de novo provided by ARS § 22–374(A) on appeal from a judgment in a justice or city court does not satisfy the guarantee of appeal provided by the Arizona Constitution. This court has previously decided this question adverse to Yabe's contention. *State v. Dunn,* 21 Ariz.App. 210, 517 P.2d 1103 (1974). We adhere to that decision in this case and find Yabe's allegations to be without merit.

The judgment and sentence are affirmed.

DONOFRIO, P. J., and EUBANK, J., concur.