Eleanore DUGAL, Cheryl Jordan, William Little and Michael Stover, Plaintiffs,

v.

Charles HYDER as the County Attorney of Maricopa County, Arizona, Defendant.

No. CIV 79–41 PHX WEC.

United States District Court, D. Arizona.

April 5, 1979.

---

Richard J. Hertzberg, Phoenix, Ariz., for plaintiffs.

## OPINION AND ORDER

CRAIG, Chief Judge.

Plaintiffs, operators and employees of "adult bookstores" in Maricopa County, Arizona, seek a permanent injunction to restrain the defendant from enforcing the Arizona Obscenity Statute, A.R.S. § 13–3501 et seq. Plaintiffs have alleged that the scienter requirement set forth in A.R.S. § 13–3501(4) is violative of the First and Fourteenth Amendments of the United States Constitution in that it places an unconstitutional restraint on the bookseller by requiring inspection and self-censorship of all items offered for sale.

A.R.S. § 13–3502 provides:

A person is guilty of a class 6 felony who, knowingly:

1. Prints, copies, manufactures, prepares, produces, or reproduces any obscene item for purposes of sale or commercial distribution.

2. Publishes, sells, rents, lends, transports in intrastate commerce, or commercially distributes or exhibits any obscene item, or offers to do any such things.

3. Has in his possession with intent to sell, rent, lend, transport, or commercially distribute any obscene item.

The term "knowingly" for purposes of this statute is defined in A.R.S. § 13–3501(4):

4. "Knowingly" means having general knowledge of, or reason to know, or a belief or ground for belief which warrants further inspection or inquiry of:

(a) The character and content of any material described in this chapter, which is reasonably susceptible of examination by the defendant, and, if relevant to a prosecution for violation of § 13–3506,

(b) The age of the minor, provided that an honest mistake shall constitute an excuse from liability under this article if the defendant made a reasonable bona fide attempt to ascertain the true age of such minor.

Plaintiffs acknowledge that the scienter requirement of A.R.S. § 14–3502 found in A.R.S. § 13–3501(4) is a permissible requirement in the context of the sale of obscene materials to minors, but allege that the requirement is invalid in its application to sales to adults.

This precise issue was addressed in *State v. Yabe*, 114 Ariz. 89, 559 P.2d 209 (1977). In dealing with this problem, the *Yabe* court relied on *Ginsberg v. State of New York*, 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968) which held, in part, that a virtually identical scienter requirement was constitutionally permissible within the context of the sale of obscene materials to minors. Plaintiffs recognize the holding in *Yabe*, but claim that the *Yabe* court should have interpreted *Ginsberg* to mean that this type of scienter requirement would be permissible only in the limited context of a statute prohibiting the sale of obscene materials to minors.

While it is true that courts have allowed the states greater control in the regulation of materials which are made available for sale to minors, *Ginsberg v. State of New York*, supra, there is no decision which distinguishes between the *degree of scienter* required in statutes regulating sales to adults versus those regulating sales to minors.

In 1959, the United States Supreme Court, in *Smith v. California*, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959), held that the failure to include any scienter requirement constituted an impermissible prior restraint. However, the Supreme Court specifically refused to pass on the type of mental state that would support a constitutionally permissible prosecution. 361 U.S. 147 at 154.

In *Mishkin v. New York*, 383 U.S. 502, 86 S.Ct. 958, 16 L.Ed.2d 56 (1965), the Supreme Court again specifically refused to rule on the type of the mental element required. 383 U.S. 502 at 510 and 511, 86 S.Ct. 958.

In *Ginsberg v. New York*, supra, the Supreme Court was faced with a challenge to the scienter requirement of a statute regulating the sale of obscene materials to minors. The scienter requirement of that statute was virtually identical to the scienter requirement of the general obscenity statute in Arizona.

A careful reading of *Ginsberg* reveals that the Court did not intend to limit the validity of this type of scienter requirement to statutes dealing exclusively with the prohibition of the distribution of obscene materials to minors.

In discussing the issue of scienter, the Supreme Court did not distinguish between a general obscenity statute and a statute designed for the protection of minors. The Court specifically referred to *People v. Finkelstein*, 9 N.Y.2d 342, 214 N.Y.S.2d 363, 174 N.E.2d 470 in which the New York Court of Appeals read the requirement of scienter into New York's *general* obscenity statute. The Court noted that the scienter requirement, virtually indistinguishable from the one in question, was passed by the legislature after the *Finkelstein* decision. The Court stated that "(w)hen the (New York statute in question) was before the New York legislature, its attention was directed to *People v. Finkelstein*, as defining the nature of scienter required to sustain the statute. 1965 N.Y.S. Leg.Ann. 54–56."

*Ginsberg v. New York*, 88 S.Ct. at 1283. The Court, therefore, implicitly acknowledged the validity of this type of scienter requirement in the context of a general obscenity statute.

Other cases cited by Plaintiffs merely support the proposition that some scienter requirement must exist; they do not deal with the extent of that requirement. *Mishkin v. New York*, 383 U.S. 502, 86 S.Ct. 958, 16 L.Ed.2d 56 (1966); *U. S. v. Hamling*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *People v. Finkelstein*, 9 N.Y.2d 342, 214 N.Y.S.2d 363, 174 N.E.2d 470 (1961).[1] Like the statutes at issue in these cases, A.R.S. § 13–3502 does require that the sale be made with knowledge of the obscene materials.

Plaintiffs also argue that the Arizona statute is unconstitutional due to the lack of a provision for speedy appellate review of lower court findings of obscenity. However, cases cited by Plaintiffs deal with "censorship systems" designed to regulate what materials may be exhibited to minors. In these cases the statutes in question required the submission of the proposed materials to a censorship board before exhibition. No judicial determination was involved. The "appellate review" required referred to a judicial review of the activities of the administrative board. This type of situation is vastly different from the situation before this court.

There appears to be no authority for the proposition that there must be a provision for immediate appeal from a *judicial* determination of obscenity, and this court is of the opinion that such a provision is not constitutionally required.

The injunction is therefore denied.

IT IS SO ORDERED.

---

1. In fact, the Supreme Court in *Ginsberg v. New York*, supra, again specifically *refused* to pass on " 'what sort of mental element is requisite to a constitutionally permissible prosecution.' " *Ginsberg v. State of New York*, supra, 88 S.Ct. at 1283.