IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

JAN 12 2011

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2010-0141 |
| | ) | DEPARTMENT B |
| Appellee, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| JOHN RICHARD EBY, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20093123001

Honorable Richard D. Nichols, Judge

APPEAL DISMISSED

Terry Goddard, Arizona Attorney General
  By Kent E. Cattani and Diane Leigh Hunt                     Tucson
                                                 Attorneys for Appellee


The Law Office of Mark F. Willimann, LLC
  By Mark F. Willimann                                        Tucson
                                                 Attorneys for Appellant

K E L L Y, Judge.

¶1        John Eby was charged with driving under the influence of an intoxicant and driving with an alcohol concentration of .08 or more. After a jury trial in Pima County Consolidated Justice Court, Eby was found guilty of both counts. Because Eby immediately appealed that conviction to Pima County Superior Court pursuant to A.R.S.

§ 22-371, the justice court "suspended" the imposition of sentence "pending appeal resolution." The justice court then summarily transferred the case to superior court because "[a] complete record of the hearing is not available," apparently because the trial was not recorded. *See* Ariz. Super. Ct. R. App. P.—Crim. 10(b).

¶2 Upon receipt of the record from justice court, the superior court set a trial de novo. *See* A.R.S. § 22-374; Ariz. Super. Ct. R. App. P.—Crim. 10(b). Eby filed a motion to suppress evidence obtained from a blood draw conducted after his arrest, which the court denied. After Eby waived his right to a jury trial, the court held a trial on stipulated facts and found him guilty of driving with an alcohol concentration of .08 or greater.[1] The court suspended the imposition of sentence and placed Eby on one year of unsupervised probation, including, as a term of probation, thirty days incarceration "to commence on a date to be determined pending appeal." Eby then filed a notice of appeal with this court.

¶3 "The Court of Appeals is a court of limited jurisdiction and has only jurisdiction specifically given to it by statute." *Campbell v. Arnold*, 121 Ariz. 370, 371, 590 P.2d 909, 910 (1979). And "[w]e are obligated to examine our jurisdiction over an appeal." *Grand v. Nacchio*, 214 Ariz. 9, ¶ 12, 147 P.3d 763, 769 (App. 2006). Sections 22-371 through 22-375, A.R.S., govern appeals from final judgments of a justice or municipal court. Section 22-371 provides a party may appeal such judgments to the superior court. Pursuant to § 22-374, the superior court must determine the appeal "on

---

[1] For reasons not clear from the record, the superior court did not discuss Eby's charge for driving under the influence of an intoxicant.

2

the record" if "such record includes a transcript of the proceedings." If no transcript exists or the record is deemed insufficient, the superior court may grant a trial de novo. *Id.* That trial may be conducted by the superior court, or the superior court may remand the case to the original trial court for a new trial. Ariz. Super. Ct. R. App. P.—Crim. 7(g), 10(b).

**¶4** Section 22-375(A) provides that a party may appeal "from a final judgment of the superior court in an action appealed from a justice of the peace or police court, if the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute." Subsection (B) provides that, other than in those circumstances, "there shall be no appeal from the judgment of the superior court given in an action appealed from a justice of the peace or a police court." In light of § 22-375, we ordered Eby to show why his appeal should not be dismissed.

**¶5** Eby responds that § 22-375 does not limit our jurisdiction over his appeal, reasoning that, because his trial proceedings in justice court were not recorded, he lost the opportunity to have his conviction reviewed on appeal. He asserts, without citation to authority, that his case therefore was assigned to the superior court "as a court of original jurisdiction." But Eby does not cite, nor do we find, any authority suggesting § 22-375 does not apply when a superior court conducts a trial de novo on appeal from a conviction in justice court. Nothing in the plain language of the statute suggests that result. Indeed, we find contrary authority. *See State v. Yabe*, 114 Ariz. 89, 90, 559 P.2d 209, 210 (App. 1977) (concluding § 22-375 limits to specified issues jurisdiction over appeal from trial de novo in superior court on appeal from conviction in justice court).

3

Nor do we find authority suggesting the character of Eby's action in superior court—an appeal—changes because the superior court conducts a trial de novo.

¶6 To the extent Eby argues Rule 7(g), Ariz. Super. Ct. R. App. P.—Crim., permits him to appeal the superior court's determination, he misreads the rule. Rule 7(g) provides, inter alia, that parties whose case is remanded to the justice court for a new trial because of an insufficient record are entitled to appeal any subsequent judgment of the justice court. But the rule expressly states that provision does not apply to "parties in a trial de novo held in the superior court." *Id.* And, even if the rule did imply we had jurisdiction over Eby's appeal, it could not expand our jurisdiction beyond the limitations described in § 22-375. *See Campbell*, 121 Ariz. at 371, 590 P.2d at 910 (appellate jurisdiction defined by statute).

¶7 Because Eby does not assert any statute is facially unconstitutional or make any argument encompassed by § 22-375(A), he raises no question we have jurisdiction to address. *See Yabe*, 114 Ariz. at 90, 559 P.2d at 210. Accordingly, we dismiss his appeal.

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge

CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Judge

4