IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

MAY 10 2013

COURT OF APPEALS
DIVISION TWO

PATRICK WHILLOCK,                          )
                                           )
                          Petitioner,      )       2 CA-SA 2013-0031
                                           )       DEPARTMENT B
           v.                              )
                                           )       O P I N I O N
HON. KEITH BEE, a Justice of the Peace of  )
Pima County Consolidated Justice Court and )
HON. PAUL TANG, Judge of the Superior      )
Court of the State of Arizona, in and for the )
County of Pima,                            )
                                           )
                          Respondents,     )
                                           )
           and                             )
                                           )
THE STATE OF ARIZONA,                      )
                                           )
                Real Party in Interest.    )
                                           )
_____)


SPECIAL ACTION PROCEEDING

Pima County Cause No. CR20124037001
Pima County Justice Court No. CR12-201648

JURISDICTION ACCEPTED; RELIEF GRANTED


Kimminau Law Firm, P.C.
  By Chris J. Kimminau                                            Tucson
                                                    Attorney for Petitioner


Barbara LaWall, Pima County Attorney
  By Jacob R. Lines                                              Tucson
                                        Attorneys for Real Party in Interest

K E L L Y, Judge.

¶1        In this special action, petitioner Patrick Whillock challenges rulings by the respondent judges in regard to his appeal from a conviction of animal cruelty in the justice court. For the reasons that follow, we accept special action jurisdiction and grant relief.

¶2        Whillock filed a timely notice of appeal from his conviction for animal cruelty following a bench trial in Pima County Consolidated Justice Court. He then filed a request for a trial de novo pursuant to Rule 7(g), Ariz. Super. Ct. R. App. P.–Crim., asserting the record was insufficient for an appeal because his copy of the trial transcript was missing portions of the proceedings. That request was forwarded to the Pima County Superior Court, and Respondent Judge Paul Tang denied it, concluding the audio recording of the trial was complete.[1] Whillock then filed in the superior court a "Notice to the Court and Request for Briefing Schedule." Respondent Tang, treating that motion as a "motion for reconsideration," denied it, concluding Whillock's request for a trial de novo "beg[a]n" the "appellate process" and Whillock therefore was not "permitted to proceed anew by filing a brief for an appeal on the merits." Respondent Tang further concluded he had no authority to set a briefing schedule and the time for filing an

---

[1]Whillock acknowledges he improvidently requested a trial de novo. He asserts that his copy of the trial transcript was incomplete because the transcriptionist's equipment malfunctioned.

appellate memorandum pursuant to Rule 8(a)(2), Ariz. Super. Ct. R. App. P.–Crim., had elapsed.

¶3        Whillock then filed in the justice court a motion seeking additional time to file his appellate memorandum, citing Rule 8(b), Ariz. Super. Ct. R. App. P.–Crim. Respondent Justice of the Peace Keith Bee denied that request, citing Respondent Tang's ruling denying Whillock's request to set a briefing schedule. This special action followed.

¶4        Special action jurisdiction is appropriate when, as here, the petitioner has no "equally plain, speedy, and adequate remedy by appeal." Ariz. R. P. Spec. Actions 1; *see also* A.R.S. § 22-371(A) (providing "defendant in a criminal action may appeal to the superior court from the final judgment of a justice or municipal court"); § 22-375(B) (limiting appeals "from the judgment of the superior court given in an action appealed from a justice of the peace or a police court"). Moreover, the issues raised largely present pure questions of law, which are appropriate for special action review. *See State v. Nichols*, 224 Ariz. 569, ¶ 2, 233 P.3d 1148, 1149 (App. 2010). For these reasons, we accept jurisdiction of this special action.

¶5        Whillock asserts that Respondent Tang "should have permitted the appeal to go forward," and that Respondent Bee "should have granted [his] request to set a new deadline for the memorandum on appeal."[2] Relying on *State v. Eby*, 226 Ariz. 179, 244

---

[2]Respondent Bee was bound by Respondent Tang's ruling and had no discretion to grant Whillock's request for additional time to file his appellate memorandum. *See Tovrea v. Superior Court*, 101 Ariz. 295, 297, 419 P.2d 79, 81 (1966). Although the

P.3d 1177 (App. 2011), the state responds that Whillock's request for a trial de novo "was [his] appeal" and that the respondents "were not required to extend the time for another appeal." We cannot agree with the state's position.

¶6  Nothing in the applicable rules suggests that a request for a trial de novo precludes the filing of an appellate memorandum. Indeed, the rules clearly contemplate that a defendant may seek a trial de novo before filing that memorandum. Pursuant to Rule 7(g), Ariz. Super. Ct. R. App. P.–Crim., a defendant may request that the trial court order a trial de novo on the basis that "the record is insufficient for an appeal on the record." Similarly, a defendant may request in the superior court a trial de novo if the record is "insufficient to determine the issues." Ariz. Super. Ct. R. App. P.–Crim. 2(b), (d). Rule 8(a)(2), Ariz. Super. Ct. R. App. P.–Crim., requires that an appellate memorandum be filed "within 60 calendar days from the deadline to file the notice of appeal." But subsection (c)(4) of that rule states that procedural motions "suspend[]" the deadline to file that memorandum. A procedural motion, as defined by the rule, is a motion "that may determine whether the appeal should go forward." Ariz. Super. Ct. R. App. P.–Crim. 8(c)(1). A request for a trial de novo clearly falls within that definition because it asks the superior court to consider whether the record is sufficient to permit an appeal.

---

proper avenue to seek relief from Respondent Bee's order would have been to petition for special action relief in the superior court, *see* Ariz. R. P. Spec. Actions 4, 7(b), we nonetheless accept jurisdiction of that issue because Respondent Bee had no discretion to disregard an order from the superior court and our decision thus depends entirely on whether Respondent Tang was correct. *See* Ariz. R. P. Spec. Actions 7(b).

4

**¶7** Additionally, nothing in *Eby* requires a different result. The state takes out of context our statement in *Eby* that a trial de novo in superior court constitutes an appeal. *See* 226 Ariz. 179, ¶ 5, 244 P.3d at 1178-79. We determined in *Eby* that we lacked jurisdiction over an appeal following a trial de novo in the superior court. *Id.* ¶¶ 5, 7. Although we characterized a trial de novo as an "appeal," we did so solely for the purposes of determining that a trial de novo in the superior court held pursuant to Rule 10(b), Ariz. Super. Ct. R. App. P.–Crim., did not alter the nature of the proceeding for the purpose of determining whether we had appellate jurisdiction pursuant to A.R.S. § 22-375. We did not suggest that a request for a trial de novo, if denied, precludes an appeal on the record from a justice court as provided by A.R.S. § 22-371(A). Indeed, we noted that a party is permitted to appeal in the superior court a judgment following a trial de novo in the justice court. *Eby*, 226 Ariz. 179, ¶ 6, 244 P.3d at 1179.

**¶8** For the foregoing reasons, we conclude Respondent Tang erred in determining that Whillock's request for a trial de novo constitutes his appeal and therefore precludes him from filing an appellate memorandum. *See* Ariz. R. P. Spec. Actions 3(c) (relief warranted if respondent abuses discretion); *Salvation Army v. Bryson*, 229 Ariz. 204, ¶ 8, 273 P.3d 656, 659 (App. 2012) (error of law constitutes abuse of discretion). We therefore grant relief and vacate Respondent Tang's and Respondent Bee's orders precluding Whillock from filing an appellate memorandum. We instruct the justice court to determine, in light of Rule 8(c)(4), Ariz. Super. Ct. R. App. P.–Crim., the

5

due date for Whillock's memorandum on appeal and, if necessary, to reconsider his request pursuant to Rule 8(b) for additional time to file that memorandum.[3]

/s/ *Virginia C. Kelly*

VIRGINIA C. KELLY, Judge

CONCURRING:

/s/ *Garye L. Vásquez*

GARYE L. VÁSQUEZ, Presiding Judge

/s/ *Philip G. Espinosa*

PHILIP G. ESPINOSA, Judge

---

[3]In light of our resolution, we need not consider Whillock's argument that the respondents erred in implicitly concluding he had waived his right to an appeal by requesting a trial de novo.